309 So.2d 318 (1975)
STATE of Louisiana
v.
Ronnie L. JACKSON.
No. 55471.
Supreme Court of Louisiana.
February 24, 1975.
Rehearing Denied March 31, 1975.
*319 Murphy W. Bell, Director, Michael A. Cavanaugh, Trial Atty., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Bob H. Hester, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Defendant, Ronnie L. Jackson, was convicted of armed robbery, a violation of LSA-R.S. 14:64, and sentenced to serve sixteen years at hard labor. On appeal, defendant relies upon five Bills of Exceptions for reversal of his conviction and sentence. We affirm.

BILL OF EXCEPTIONS NO. 1
Defendant reserved his first bill of exceptions when the trial court, over timely objection, allowed the state to plead surprise and to impeach its own witness.
The State called as its own witness Larry Edwards, a participant in the armed robbery, who had given a prior statement to the law enforcement officers concerning the crime. While the State was establishing the essential element of intent, Edwards testified that he told Richard Sims, another participant, that they should call off the robbery, because he had seen a law enforcement vehicle parked nearby. The State then pleaded surprise on the ground that in the witness's prior statement to the law enforcement officers, he had told them that this conversation was with the defendant, Jackson. Although the court did allow the State to plead surprise, and to proceed with the laying of a foundation to impeach its own witness, the State never actually introduced this prior inconsistent statement into evidence.
The ruling of the trial judge allowing the State to undertake the laying of the foundation was correct. See LSA-R. S. 15:487, 488, 493. Defendant's complaint in this Court concerning the admission of the statement has no basis in the record.
Bill of Exceptions No. 1 is without merit.

BILLS OF EXCEPTIONS NOS. 2 AND 3
Alleging that no proper foundation had been laid, defendant reserved these bills to the court's admission in evidence of a pistol, pistol shells, a cigar box, and money.
The record reflects that State Trooper McDonald testified that he and another state trooper took these items from an automobile, identified as connected with the robbery. Robert W. Cupit, a Baton Rouge city policeman, was present at the time. McDonald personally turned the pistol over to the policeman. Cupit testified that he received all of these items from the state troopers, at the time they were discovered. He placed the gun and shells in an envelope and marked it for identification. He also marked the cigar box, containing money, for identification. He then placed the items with the evidence to be held for the trial. He testified that he recognized the objects from his markings.
We have often held that the foundation for admitting demonstrative evidence need only establish connexity by a preponderance of the evidence. It is sufficient if the testimony establishes that it is *320 more probable than not that the object is connected with the case. The lack of positive identification goes to the weight of the evidence. Ultimately, connexity is a factual matter for determination by the jury. State v. Franks, La., 284 So.2d 584 (1973); State v. Warren, La., 271 So.2d 527 (1973); State v. Rollins, La., 271 So. 2d 519 (1973); State v. Dotson, 260 La. 471, 256 So.2d 594 (1971).
The foundation here, in our opinion, satisfies this standard. Hence the bills of exceptions lack merit.

BILL OF EXCEPTIONS NO. 4
Defendant reserved this bill to the court's admitting into evidence a confession made by defendant. Defendant alleges that the confession was not freely and voluntarily given.
Defendant's allegation is without merit. The record reveals that defendant was advised of his rights; that he understood the rights explained to him; that no inducement or threat was made to persuade him to give the statement; and that he knowingly and voluntarily waived his right against self-incrimination. A close examination of the record discloses no evidence tending to show that defendant's confession was involuntary.
Defendant points to the circumstance that the statement was not in the defendant's own handwriting. We know of no requirement, however, that a statement or confession must be in declarant's handwriting. Defendant and the officer taking the statement initialed each correction in the statement as well as signing their names on each page and at the end of the statement.
Bill of Exceptions No. 4 is without merit.

BILL OF EXCEPTIONS NO. 5
The defendant reserved Bill of Exceptions No. 5 after the trial judge refused to give the following a special charge to the jury:
"When an accused takes the witness stand to testify in his own behalf, he puts his character for truth and veracity into issue. Good character is rebuttable by evidence of prior criminal adult convictions, among other means."
The defendant asserts that the requested charge represents a correct statement of the law. Hence, he argues, the trial judge erred in rejecting it.
Article 807 of the Louisiana Code of Criminal Procedure requires a special charge to be given only if it is "wholly correct and pertinent."
LSA-R.S. 15:481 provides:
"The state is permitted to introduce testimony of the bad character of the accused only in rebuttal of the evidence introduced by him to show good character."
The defendant took the stand in his own behalf. No evidence, however, to show good character was introduced. Moreover, neither the State nor the defense questioned him concerning prior convictions. Hence, the special charge was not wholly correct and pertinent.
Bill of Exceptions No. 5 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.