410 So.2d 1043 (1982)
STATE of Louisiana
v.
Leroy BROWN.
No. 81-KA-0703.
Supreme Court of Louisiana.
March 1, 1982.
*1044 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Premila Chumbley, Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellee.
Jim Hrdlicka and M. Michele Fournet, of Office of the Indigent Defender, Baton Rouge, for defendant-appellant.
DIXON, Chief Justice.[*]
Defendant Leroy Brown was convicted of burglary (R.S. 14:62) of a business in Baton Rouge, Louisiana by a jury on December 3, 1980. He appeals his conviction and sentence of twelve years.
At 3:15 a. m. on July 25, 1980, the Baton Rouge city police received a dispatch concerning a burglary in progress at an automobile parts office and warehouse. The defendant was found in the building by the officers.
The first assignment complains of the denial of defendant's counsel's motion to alternate the seating of the lawyers at the counsel table. Defendant shows no prejudice by the ruling of the trial judge, and does not complain of any real disadvantage at the trial. There is no merit to the assignment.
Assignment of Error No. 2 complains of the admission of defendant's inculpatory statement into evidence. Defendant contends that officers, other than the arresting officers, beat him with a baseball bat. No evidence of mistreatment was offered by the defendantneither medical evidence nor evidence from other witnesses. Both arresting officers testified; one of them was with the defendant at all times following his arrest with the exception of about one minute. After that minute, the police witnesses testified that there was no complaint by the defendant, and that the witnesses were not aware of any acts of coercion. The state adequately carried its burden of disproving the allegations of defendant, and the assignment lacks merit.
The third assignment of error complains of the relevancy of certain photographs of a cloth bag, tools and automobile tires. The objects in the photograph were identified by the manager of the auto store, who testified that the objects were not in their usual place, but close to the point where the defendant was found attempting to climb out of the window of the building. There is no merit to this assignment.
In Assignment of Error No. 4 defendant complains of the denial of a motion for mistrial; defense claimed that the following remarks by the prosecutor constituted a reference to the defendant's failure to testify:
"You're not going into a place of business at 3:00 a. m. in the morning to transact business, to get your car fixed, to do anything legitimate. The purpose, when that man went in there, was to commit unauthorized entry and to commit theft. He didn't go in thereand I told you previously he didn't go in there to use the restroom facilities. And, you can hear people tell you when they get up at trial, oh, I went in there to use the men's room or to use the ladies' roomI broke into a drug store to get a pack of cigarettes or to get a Coca-Cola out of the machine...."
These comments were neither a direct nor indirect reference to defendant's failure to testify. C.Cr.P. 770. There is no merit in this assignment.
In Assignment of Error No. 5 defendant complains that the twelve year sentence was excessive.
The record in this case does not support defendant's claim of an excessive sentence. The record shows that defendant has been involved in criminal activity during most of his life;[1] at least two of his prior convictions were for felony offenses. Defendant argues in brief, however, that the trial court considered "criminal incidents" which *1045 had not led to conviction. He asserts that this information should not be contained in a presentence investigation report and should not be considered by the trial court in imposing sentence.
This argument is not supported by C.Cr.P. 894.1(B)(7), which provides that one mitigating factor occurs when "[t]he defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime." It is apparent, therefore, that this section does not limit the trial court's consideration of criminal activity to convictions. Considering defendant's numerous convictions and involvements in criminal activity, the trial judge did not abuse his discretion in sentencing defendant to the maximum term allowed under the simple burglary statute. This assignment lacks merit.
For these reasons, the defendant's conviction and sentence are affirmed.
NOTES
[*] Judges Pike Hall, Jr., Charles A. Marvin and Jasper E. Jones of the Second Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.
[1] The trial judge stated on the sentencing hearing:

"On June the 3rd of 1975, you were arrested by the Houston, Texas, police department charged with burglary of a motor vehicle. On November 17th of 1975, you pled guilty to this offense and were sentenced to three years to active supervised probation. In 1976, a warrant was issued by the State of Texas for your arrest on a charge as a probation violator. On May the 18th of 1979, your probation was terminated unsatisfactorily. On August 24th of 1973, you were arrested on a charge of possession of marijuana. On October 10th of 1973, in the City of Baton Rouge you entered a plea of guilty and you were sentenced to a fine of five hundred dollars or six months in the parish prison. On May the 10th of 1974, in the City of Baton Rouge, you were arrested on a charge of theft. On June 28th of 1974, you pled guilty to misdemeanor theft and were given thirty days in jail, suspendedand placed on supervised probation for a period of one year. On June 29th of 1974, you were arrested on a charge of disturbing the peace, and, on July 17th of 1974, you pled guilty and were given one day in jail which was suspended and you were given one year of probation. On March 27th, 1975, you were arrested on a charge of possession of a hypodermic needle, simple battery, and resisting an officer. And, on March 10th of 1976, you pled guilty to resisting an officer and were sentenced to pay a fine of one hundred dollars. After having been put on probation on the charge from Texas in 1975, you came to Louisiana. You were arrested February 17th of 1976, on a charge of burglary and theft, on July 26th of 1976, after a trial, you were found guilty of simple burglary. You were sentenced to six years in the Louisiana Department of Corrections. You were discharged on December the 16th of 1979. And, it was because of that conviction that your probation was terminated unsatisfactorily from Texas. You were arrested on April 1st of 1980, on a charge of attempted burglary of a motor vehicle. On April 24th of 1980, that charge was dismissed at the request of the victim. You were arrested on May the 8th of 1980, on a charge of trespassing on school grounds. At the trial you were found guilty by the Baton Rouge City Court and sentenced to pay a fine of $25.00 plus costs. You were arrested on this charge July 25th of 1980 and after trial by jury, were convicted. And, subsequent to this charge, you have had added a charge of attempted second degree murder which is presently pending before this court...."