427 So.2d 612 (1983)
STATE of Louisiana
v.
Kenny ROY.
No. 82-KA-127.
Court of Appeal of Louisiana, Fifth Circuit.
February 7, 1983.
John M. Mamoulides, Dist. Atty., Stephen Little, William C. Credo, III, Asst. Dist. Attys., Research & Appeals, Twenty-Fourth Judicial District Court, Gretna, for plaintiff-appellee.
Martha E. Sassone, Staff Appeals Counsel, Twenty-Fourth Judicial District Court, Indigent Defender Board, Gretna, for defendant-appellant.
Before KLIEBERT, CURRAULT and DUFRESNE, JJ.
CURRAULT, Judge.
On January 21, 1982, the defendant-appellant, Kenny J. Roy was charged by bill of information with the violation of La.R.S. 14:62, simple burglary, which occurred on December 25, 1981, at the building located at 7301 Lapalco Boulevard, belonging to Westwego Assembly of God Church. On April 26, 1982, the appellant changed his plea of not guilty and entered a plea of guilty with a full acknowledgment and waiver of his constitutional rights. On June 25, 1982, the Honorable Wallace C. LeBrun, Judge, Division "I" of the Twenty-Fourth Judicial District Court, sentenced the defendant to twelve years at hard labor on this charge.
It is from this sentence that the defendant now appeals and makes the following assignment of error:
That it was reversible error for the trial court to sentence the defendant to a term of twelve years at hard labor, which sentence was excessive. This assignment of error can be broken down into two sub-issues which are first, the failure to state bases and considerations for this sentence; and second, the excessiveness of the sentence.

1. FAILURE TO STATE BASES AND CONSIDERATIONS FOR SENTENCE
The defendant argues that the trial court failed to include in the record any of the factors which it considered in determining that the defendant should be sentenced to twelve years at hard labor. The defense counsel also submits that the trial court failed to follow the guidelines in La.C.Cr.P. art. 894.1(B), relative to suspension of sentence or probation, in that the record does not reflect any consideration of any factors favorable to giving the defendant a lesser sentence.
An extensive pre-sentence investigation was conducted and has been made part of the record. That investigation revealed that the defendant has been involved in the criminal justice system since he was thirteen years old in Pennsylvania. He received an undesirable discharge from the United States Army and is currently on an outstanding parole warrant from Pennsylvania, where he had been convicted of armed robbery. Additionally, his parents expressed a desire to terminate their association *613 with him; and, furthermore, it was their recommendation that he be institutionalized.
The trial judge had taken notice that the defendant's plea of guilty was part of a plea bargain arrangement with the Jefferson Parish District Attorney's Office whereby an additional charge of receiving stolen things was dismissed. We also take note that the defendant has pled guilty to two counts of felony theft and is presently awaiting sentencing.
Article 894.1(C) of the Louisiana Code of Criminal Procedure states that the judge's considerations and bases for the sentence must be included in the record. The trial judge's statement is brief, but makes mention of the pre-sentence report which was made part of the record. State v. Johnson, 411 So.2d 439, 441 (La.1982), held in a similar situation that even though by itself the reasoning for the sentence was insufficient, "the record in the case clearly supports the sentencing choice."
The defendant has an extensive criminal record and the crime itself to which he pled guilty speaks very eloquently for his apparent total lack of moral fiber. (The business that he burglarized on Christmas Day, 1981, was a church.)
The trial judge could not include any factors which might have been considered in view of a suspension or reduction of sentence because none were made available either by the defense or from the pre-sentence investigation. The defendant read the report and had no objections saying, "It covers everything."

2. EXCESSIVE SENTENCE
The defendant pled guilty to simple burglary and was sentenced to twelve years at hard labor at the Louisiana Department of Corrections. Twelve years is the maximum penalty for R.S. 14:62, simple burglary. The subject Roy is a third time offender and was so considered by the trial court. (The defendant could have been charged and treated as a multiple offender under La.R.S. 15:571.3 and thereby would not have been eligible for "good time.") The defendant received the maximum sentence, but was given credit for time served.
While all sentences, even those within statutory limitations, are subject to review, the court in State v. Prados, 404 So.2d 925, 926 (La.1981) held that the sentence imposed by the trial court should be affirmed. "[absent] a manifest abuse of his discretion." The court continued, saying that, "We have held a sentence is excessive if it is grossly out of proportion to the severity of the crime, or if it is nothing more than the purposeless and needless imposition of pain and suffering." See also State v. Lewis, 414 So.2d 703 (La.1982).
The defendant, Kenny Roy, has exhibited no evidence of intent to reform. The court was left with no alternative but to sentence the defendant to be incarcerated for the maximum term statutorily allowable.
There has been no abuse of discretion of the trial court in the imposition of this twelve-year sentence as the record clearly reflects the court's reasoning. Therefore, this sentence is hereby affirmed.
AFFIRMED.