FRED W. JONES, Jr., Judge.
Defendant, Ross Fredenburg, was charged with attempted second degree murder (R.S. 14:27, 30.1) and attempted armed robbery (R.S. 14:27, 64). In a bench trial he was acquitted of the attempted second degree murder charge but was found guilty of attempted armed robbery and subsequently sentenced to imprisonment at hard labor for 10 years. The conviction and sentence were appealed, with defendant relying upon two assignments of error for reversal.

Context Facts

At about 2:00 o’clock P.M. on September 24,1981 Fredenburg parked his car at a dry *444 cleaning establishment in south Shreveport, put a hunting knife in his back pocket, got out of the automobile and locked it. Upon entering the business premises, defendant approached the attendant, Mrs. Dell Spinks, and inquired about having a sleeping bag cleaned and about the possibility of securing employment there. Defendant next asked Mrs. Spinks for some change. She opened the cash register to demonstrate that there was very little cash on hand for making change. Defendant then announced that it was a robbery, partially withdrew the hunting knife from his back pocket, ordered Mrs. Spinks to place all the money in a paper bag, and threatened to kill her if she failed to comply with his directions.
Mrs. Spinks replied that she did not have a paper bag, but tried to hand the money to defendant. The latter refused the tender, ordered Mrs. Spinks to place the money back in the cash register and to call the police and report the robbery. When the attendant got the police operator on the telephone, defendant took it and conversed with the operator until a police officer arrived to arrest the defendant.
Following the formal lodging of criminal charges against the defendant, a sanity commission was appointed. After a hearing and consideration of the commission’s report, defendant was found mentally incompetent to proceed and was committed to Feliciana Forensic Facility on January 18, 1982. Subsequently, defendant was returned from that facility and, after another sanity hearing, deemed mentally competent on November 18, 1982 to proceed to trial.
Upon arraignment defendant pleaded not guilty and not guilty by reason of insanity. Jury trial was waived.

Assignment of Error No. 1

Defendant argues in this assignment that “there was insufficient evidence adduced to prove the specific intent of attempted armed robbery beyond a reasonable doubt.”
Armed robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation while armed with a dangerous weapon. La.R.S. 14:64.
La.R.S. 14:27 provides in part:
Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
From the foregoing, it is obvious that specific intent is an essential element of attempted armed robbery.
Our law defines specific intent as “that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” La.R.S. 14:10(1).
Since specific intent is a purely subjective state of mind, its existence may be inferred from the circumstances of the transaction and the actions of the defendant. State v. Williams, 383 So.2d 369 (La.1980). Also see State v. Procell, 365 So.2d 484 (La.1978); State v. Garner, 241 La. 275, 128 So.2d 655 (1961).
In State v. Martin, 356 So.2d 1370 (La.1978), the defendant, holding a gun on a plain-clothes officer in a parking lot, uttered only “give me your .. . . ” when he was abruptly seized by two other officers. Defendant contended on appeal that, because he was interrupted in mid-sentence, there was no evidence of his specific intent to commit theft of anything of value belonging to another. Rejecting this argument, the court commented:
“The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence .... Taken in context defendant’s words and deed excluded every reasonable hypothesis of innocence.” (p. 1373)
*445 Also see State v. Sutton, 436 So.2d 471, (La.1983).
The thrust of the defense argument on this assignment is that the mildly retarded defendant never intended to permanently deprive the owner of money, as shown by defendant’s refusal of the cash when tendered to him by Mrs. Spinks. Further, it is asserted that defendant’s request for Mrs. Spinks to call the police substantiates the hypothesis [advanced by psychiatric testimony] that defendant’s criminal activity was simply a charade—representing a “cry for help” from one who was emotionally disturbed and desired to return to the structured environment of a prison from which he had been recently released.
On the other hand, the state argues that defendant’s refusal of the money tendered by Mrs. Spinks merely reflected a change of mind—because of which he was charged with an “attempt” rather than a completed offense.
Adverting to the proven facts in this case, defendant confronted Mrs. Spinks, stated that he had a knife, partially withdrew the weapon from his pocket, announced that it was a robbery and demanded money from the cash register. The critical question is, despite his subsequent refusal of the tendered money, did the described circumstances exclude every reasonable hypothesis of innocence of attempted armed robbery, i.e., prove beyond a reasonable doubt that defendant actively desired at that time to permanently deprive the owner of the money? We answer in the affirmative.
As explained in LaFave & Scott, Criminal Law (1972), p. 449:
“The traditional view as expressed by most commentators is that abandonment is never a defense to a charge of attempt if the defendant has gone so far as to engage in the requisite acts with criminal intent. The assumption seems to be that because a completed crime may not thereafter be abandoned it follows that the same must be true as to the crime of attempt.
“ ‘A criminal attempt is a complete offense in the sense that one who has carried a criminal effort to such a point that it is punishable, can no more wipe out his criminal guilt by an abandonment of his plan than a thief can obliterate the larceny by a restoration of the stolen chattel.’ ”
Regardless of defendant’s motive in engaging in this unlawful conduct, the offense of attempted armed robbery was complete when he threatened Mrs. Spinks with the knife and demanded the money. Viewing this evidence in a light most favorable to the prosecution, a rational trier of fact could have found proof of the essential elements of the crime of attempted armed robbery beyond a reasonable doubt.
Defendant’s apparent change of mind [by refusal of the tendered money] prevented the attempt from flowering into a completed crime.
For these reasons, this assignment lacks merit.

Assignment of Error No. 2

Defendant complains in this assignment that the sentence of 10 years imprisonment at hard labor without benefit of parole is excessive.
In compliance with La.C.Cr.P. 894.1, prior to imposition of sentence the trial judge [who had the benefit of an extensive pre-sentence report] considered as mitigating factors the 24 year old defendant’s emotional instability, that he did not physically harm Mrs. Spinks, and that he abandoned the robbery. On the other hand, he noted that Mrs. Spinks was terrified and continued to suffer from the frightening experience; that the offense occurred only a few weeks after defendant was paroled from Angola where he had been incarcerated for attempted aggravated rape; that defendant was likely to commit another offense and the public needed to be protected; and that any lesser sentence would deprecate the seriousness of this offense.
The maximum imposable sentence for attempted armed robbery is 49½ years at *446 hard labor without benefit of probation, parole or suspension of sentence. The sentence imposed was in the lower range of this possible sentence. In view of all of the circumstances, we cannot say that it was either disproportionate to the severity of the crime or a purposeless imposition of pain and suffering.
Since the sentence is not excessive, this assignment is without merit.

Decree

For these reasons, defendant’s conviction and sentence are affirmed.