451 So.2d 1221 (1984)
STATE of Louisiana, Appellee,
v.
William B. DOWNING, Appellant.
No. 16022-KA.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1984.
Rehearing Denied July 6, 1984.
*1222 Ford E. Stinson, Jr., Indigent Defender Bd., Benton, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Henry N. Brown, Jr., Dist. Atty., James M. Bullers, Asst. Dist. Atty., Benton, for appellee.
Before PRICE, C.J., and MARVIN, JASPER E. JONES, JJ.
JASPER E. JONES, Judge.
The defendant, William B. Downing, was charged by bill of information with two counts of distribution of marijuana in violation of LSA-R.S. 40:966. In a trial by jury, he was found guilty as charged on both counts. The trial court sentenced defendant to five years at hard labor on each count with the sentences to run concurrently. Defendant appeals his convictions and sentences relying on three assignments of error.

FACTS
On May 27, 1982 undercover narcotics agent Mark Holley purchased a bag of marijuana from defendant at defendant's home. Holley was backed up by agent Steve Rambo who was stationed in a parked automobile a short distance from defendant's house. After the purchase the two agents met at the Bossier City Police Department where they both initialed and dated the bag of marijuana. The bag was placed in the evidence locker at the police department. The next day Holley purchased another bag of marijuana from defendant under similar circumstances.[1] The agents again met at the police department where they initialed and dated this bag. Rambo subsequently carried both bags in a sealed envelope to the Northwest Louisiana Crime Lab for analysis. The contents of the bags were analyzed as marijuana. The defendant did not contend the substance contained in the bags was not marijuana nor did he make any attempt to have it analyzed.

Assignment of Error # 1
Defendant contends the trial court erred in allowing a crime lab employee, Steven McKinney, to testify as to his analysis of the suspected marijuana.
When the bags of marijuana arrived at the crime lab the contents were initially analyzed by Emmett Jones. His analysis proved positive for marijuana. Pursuant to a discovery motion, a copy of Jones' analysis was supplied to defendant. Jones subsequently left the employ of the crime lab prior to trial and the contents of the bags were reanalyzed by McKinney. His analysis also proved positive for marijuana. The state did not inform defendant of McKinney's *1223 analysis and did not supply him with a copy of that analysis.
When the case was called to trial, Jones was unavailable to testify. When McKinney was called to the witness stand defense counsel objected to his testimony on the basis that the state failed to perform its continuing duty to disclose relevant information under the discovery motion. The trial court admitted McKinney's testimony after finding the state's failure to disclose did not prejudice defendant since both analyses reached the same conclusion.
On motion of defendant, the court shall order the district attorney to permit defendant to inspect and copy any results or reports of scientific tests or experiments, made in connection with the particular case, that are in the possession of the district attorney. LSA-C.Cr.P. art. 719. The duty to disclose is a continuing one. If the state, subsequent to the ordered disclosure, discovers additional evidence or decides to use a particular item as evidence it must notify the defendant of the existence of the additional evidence or its intended use at trial. LSA-C.Cr.P. art. 729.3; State v. Ray, 423 So.2d 1116 (La.1982).
Where the defendant has been lulled into a misapprehension of the strength of the state's case by the failure to fully disclose, such a prejudice may constitute reversible error. However, the failure of the state to comply with discovery procedures will not automatically command reversal. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Ray, supra. The defendant must show prejudice before the reviewing court will reverse his conviction. State v. Sweeney, supra; State v. James, 396 So.2d 1281 (La.1981).
Defendant argues he was prejudiced by McKinney's testimony because without it, there would have been nothing to show that the substance contained in the bags he sold to Holley was marijuana. This argument ignores the fact that defendant knew that Jones' analysis proved the substance to be marijuana. He had no misapprehension of the strength of the state's case. McKinney's analysis merely reaffirmed the earlier one. The failure of the defendant to contend or try to prove the substance contained in the bags was not marijuana further establishes that the state's failure to comply with the discovery procedure was not prejudicial. See State v. James, supra. The trial judge correctly decided defendant was not prejudiced by the state's failure to disclose.
This assignment of error lacks merit.

Assignment of Error # 2
Defendant contends the trial court erred in allowing the bags of marijuana to be admitted into evidence because the state failed to lay a proper foundation in that no continuous chain of custody was shown. He argues a continuous chain of custody was not shown because the state failed to prove adequate supervision and control of the bags after Rambo left them at the crime lab.
In order to introduce demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is the one connected with the case; lack of positive identification or a defect in the chain of custody goes to the weight of the evidence rather than to the admissibility. State v. Taylor, 422 So.2d 109 (La.1982); State v. Sam, 412 So.2d 1082 (La.1982); State v. Davis, 411 So.2d 434 (La.1982).
Rambo testified he delivered the sealed envelope containing the bags of marijuana to Emmett Jones at the crime lab. Although Jones did not testify, McKinney testified that prior to his analysis he took the envelope containing the bags out of a locker at the crime lab. The envelope was sealed and McKinney resealed it when he finished his analysis. At trial, Holley and Rambo positively identified the bags from their initials and the dates placed on the bags after they were purchased. There was sufficient evidence for the jury to conclude that more probably than not the bags of marijuana introduced *1224 into evidence were the ones Holley bought from defendant.
This assignment of error lacks merit.

Assignment of Error # 3
Defendant contends that the five year sentences on each count are excessive.
The sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir. 1983); State v. Brooks, 431 So.2d 865 (La. App. 2d Cir.1983); State v. Square, 433 So.2d 104 (La.1983). A sentence is excessive if it is grossly out of proportion to the severity of the offense or is nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983).
At the sentencing hearing the trial judge reviewed for the record defendant's presentence investigation report and he followed the sentencing guidelines contained in LSA-C.Cr.P. art. 894.1 in determining the sentences imposed upon defendant. The presentence report indicates defendant has a poor educational and occupational history and is considered to be dangerous and a longtime drug dealer. The report also shows that defendant has a history of criminal behavior. While he has only been convicted on one prior misdemeanor offense, the trial court properly considered his entire record in selecting a sentence for defendant. See State v. Brown, 410 So.2d 1043 (La.1982); State v. Washington, 414 So.2d 313 (La.1982). The defendant could have received a maximum sentence of 10 years on each count, LSA-R.S. 40:966B(2), and the sentences could have been imposed consecutively. LSA-C.Cr.P. art. 883. The actual time defendant was sentenced to serve is only one-fourth the maximum he could have received. We find no abuse of discretion in the sentences imposed.
The convictions and sentences appealed from are AFFIRMED.
NOTES
[1] On May 27, Holley went to defendant's home accompanied by a confidential informant. The next day he returned without the informant.