473 So.2d 935 (1985)
STATE of Louisiana
v.
William Wayne MESHELL.
No. CR85-14.
Court of Appeal of Louisiana, Third Circuit.
August 12, 1985.
William D. Dyess, Many, for defendant-appellant.
Don M. Burkett, Dist. Atty., Many, for plaintiff-appellee.
Before GUIDRY, FORET and KING, JJ.
GUIDRY, Judge.
Defendant, William Wayne Meshell, was charged by bill of information with two counts of cruelty to juveniles, in violation of La.R.S. 14:93. Defendant pled guilty and, on November 13, 1984, was sentenced to ten years at hard labor on each count with the sentences to run consecutively. Defendant appeals.
On appeal, defendant makes the following assignments of error:
1. The court failed to properly apply the sentencing guidelines set forth in La.C. Cr.P. Art. 894.1.

*936 2. The court failed to state for the record the considerations taken into account and the factual basis therefor in imposing sentence as required by La.C. Cr.P. Art. 894.1.
3. The sentence imposed was cruel, unusual and excessive.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
By these assignments of error, defendant argues that the trial judge erred in his imposition of sentence because he did not follow the guidelines set forth in La.C.Cr.P. Art. 894.1. The record reflects, however, that the trial judge did follow the guidelines set forth in La.C.Cr.P. Art. 894.1. The trial judge indicated that all three provisions of Paragraph A of Article 894.1 were applicable to this defendant. The trial judge also found no circumstances which would justify the suspension of sentence or probation. The trial judge mentioned defendant's history of violence and that defendant had previously been convicted of the same offense and had been out of prison less than a year when the incident in question took place.
The mandate of Article 894.1 is satisfied when the record affirmatively shows that the trial judge considered the statutory sentencing guidelines. State v. Rainwater, 448 So.2d 1387 (La.App. 3rd Cir.1984); State v. McDermitt, 406 So.2d 195 (La.1981). The trial judge does not need to articulate every factor mentioned in the guidelines which he considered in imposing sentence. State v. Straughter, 406 So.2d 221 (La.1981). In the instant case, the record affirmatively shows that the trial judge considered the sentencing guidelines set forth in Article 894.1 and articulated some of those which influenced his decision. Hence, we find that the trial judge complied with Article 894.1.

ASSIGNMENT OF ERROR NO. 3
By this assignment, defendant contends that the trial court imposed an excessive sentence in violation of Art. 1, Sec. 20 of the Louisiana Constitution. Defendant pled guilty to two counts of cruelty to juveniles and was sentenced to the maximum period of ten years at hard labor on each count with the sentences to run consecutively.
A sentence is excessive if the penalty is grossly disproportionate to the crime. State v. Pearson, 425 So.2d 704 (La.1982); State v. Goode, 380 So.2d 1361 (La.1980). In determining whether the penalty is grossly disproportionate to the offense, the appellate court must "consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is disproportionate to the crime committed as to shock our sense of justice." State v. Pearson, supra; State v. Bonanno, 384 So.2d 355 (La.1980). The trial judge has wide discretion in imposing sentences within statutory limits. Absent a manifest abuse of that discretion, the sentence imposed by the trial court will not be set aside as excessive. State v. Forshee, 395 So.2d 742 (La.1981); State v. James, 447 So.2d 580 (La.App. 3rd Cir.1984).
In his written reasons for imposition of defendant's sentence, the trial judge made the following comments:
"This 30-year old defendant has been charged with, and pled guilty to, two charges of cruelty to juveniles, in violation of LSA-R.S. 14:93.
He was made aware at the time he pled guilty that he could expect maximum sentences on these two offenses.
Count No. One was a charge of administering a beating to his young child, Joann Fay Mesehell (sic), with an instrument thereby injuring the buttocks of said child and then rubbing salt into said wounds.
Count No. Two was a charge of administering a beating to his young child, Raymond Meshell, with an instrument thereby injuring the buttocks of said child and then rubbing salt in the wounds.
These offenses occurred on January 24, 1984.

*937 A presentence report was ordered, received, reviewed by the Court and reviewed by the attorney for Defendant.
This 30-year old defendant has a long history of violence, and has both a juvenile and adult record.
He has been twice convicted before for this same offense of cruelty to juveniles with his small children. A new trial was ordered in one of the cases, but he was not retried because his wife, the mother of the child, was in Oklahoma and refused to return. The second time he ultimately received a five year sentence at hard labor, and was released April 8, 1983. Now, he has again committed this same offense, less than a year after being released from prison."
Under the circumstances, we do not find the penalty imposed upon defendant by the trial court to be disproportionate to the crime committed as to shock our sense of justice. This assignment is wholly without merit.
For the above and foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.