DOUCET, Judge.
On the evening of January 13, 1982, defendant, Donald R. Thompson, burglarized the Lamplighter Lounge in Alexandria, Louisiana. Ephraim Laird provided defendant with transportation to and from the Lounge and testified at trial that defendant took beer, liquor, chámpale, and a television set from the Lounge. Laird pleaded guilty to simple burglary in a prior proceeding involving the instant crime and was awaiting sentencing at the time of trial.
The television set which was stolen from the Lamplighter was recovered by police officers from defendant’s residence. Much of the liquor that was stolen was recovered by police officers from a third person who had bought the stolen liquor.
On May 12, 1982, defendant was convicted of one count of simple burglary, a violation of La.R.S. 14:62. On June 28, 1982, defendant was sentenced to the maximum sentence, twelve (12) years at hard labor. It is from this conviction and sentence that defendant now appeals. We affirm.
Defendant, on appeal, specifies two assignments of error, the first being that the trial court erred in failing to properly articulate the reasons for sentencing.
The trial judge is required to state for the record both the considerations he has taken into account, and the factual basis for imposition of sentence. La.C.Cr.P. art. 894. State v. Shaeffer, 414 So.2d 730 (La.1982); State v. Jackson, 360 So.2d 842 (La.1978). Articulation of the reasons for sentence under art. 894.1 is especially important in cases where the maximum sentence is imposed. State v. Brockett, 471 So.2d 867 (La.App. 2nd Cir.1985).
The trial court does not have to state every aggravating and mitigating factor but the statutory guidelines in art. 894.1 must be adequately considered. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984); State v. Richardson, 438 So.2d 1315 (La.App. 3rd Cir.1983).
Important elements which should be considered include defendant’s personal history, prior record, seriousness of the instant offense, and likelihood of recidivism or rehabilitation. State v. Soco, 441 So.2d 719 (La.1983); State v. Ezernack, 408 So.2d 907 (La.1981).
In the instant situation, defendant received the maximum sentence[1] based solely on his prior criminal record. At the sentencing hearing, the trial judge failed to discuss any factor except for defendant’s criminal history. While the trial judge may not have adequately followed the sentencing guidelines in La.C.Cr.P. art. 894.1, this does not automatically render the sentence invalid. State v. Davis, 448 So.2d 645 (La.1984); State v. Wimberly, 414 So.2d 666 (La.1982). To the contrary, as stated by the Louisiana Supreme Court in State v. Lanclos, 419 So.2d 475 (La.1982), as long as the record clearly reflects an adequate basis for the sentence imposed, remand is unnecessary.
In the instant situation, defendant has a lengthy criminal record dating back to 1973. The convictions are mostly for burglary. Defendant also has a conviction for simple battery. From defendant’s past criminal record it is obvious that past suspended sentences and shorter periods of *1118 incarceration have not rehabilitated him, or deterred his criminal activity. Thus, we find that the record illumes support for the sentence imposed on defendant.
In defendant’s second and final assignment of error, he urges that the trial court erred in imposing a sentence which is constitutionally excessive and in violation of the Louisiana Constitution’s prohibition against cruel and unusual or excessive punishment. We disagree.
As previously stated, in the instant situation, defendant received the maximum sentence, twelve (12) years at hard labor. Defendant’s sentence is within the prescribed range, but even a sentence within legislatively mandated limits can be reviewed for excessiveness. State v. Smith, 433 So.2d 688 (La.1983); State v. Sepulvado, 367 So. 2d 762 (La.1979).
In State v. Brown, 410 So.2d 1043 (La.1982), the defendant received a maximum sentence for simple burglary. Defendant’s sentence was upheld because he had a number of other convictions and a history of involvement in criminal activity.
In State v. Sly, 449 So.2d 170 (La.App. 4th Cir.1984), the defendant received a twelve year maximum sentence. Sly’s sentence was upheld because he had a serious criminal background, and would be a threat to society if he were released.
In State v. Roy, 427 So.2d 612 (La.App. 5th Cir.1983), the defendant received a twelve year maximum sentence. Roy’s sentence was upheld, on appeal, because he was a third offender, and the court concluded that he had no intent to reform.
In State v. Vizena, 454 So.2d 1291 (La.App. 3rd Cir.1984), the defendant was sentenced to a term of nine years in prison. The Third Circuit upheld this sentence, even though the trial judge did not adequately state his factual basis for the record, because Vizena had a record of felony offenses.
In the instant situation, defendant has a lengthy criminal record dating back to 1973. As previously stated, past suspended sentences and incarcerations have not rehabilitated him or deterred his criminal activity. Based on . these factors and the foregoing cited cases, we conclude that the trial court did not err when it imposed the maximum sentence on defendant. As such, we will not disturb the conviction and sentence on appeal.
For the foregoing reasons, the conviction and sentence of the trial court is affirmed.
AFFIRMED.

. Our defendant received the maximum sentence possible at his sentencing on June 28, 1982. Defendant was billed as a multiple offender on July 14, 1982, but at that time he had already been sentenced.