524 So.2d 863 (1988)
STATE of Louisiana, Plaintiff-Appellee,
v.
Joseph COMEAUX, Defendant-Appellant.
No. CR87-686.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1988.
Richard T. Haik, Keith Comeaux, New Iberia, for defendant-appellant.
Charles Porter, Office of Dist. Atty., New Iberia, for plaintiff-appellee.
Before GUIDRY, YELVERTON, JJ., and SWIFT, J. Pro Tem.[*]
YELVERTON, Judge.
A six-person jury convicted defendant, Joseph Comeaux, of simple burglary, a violation *864 of La.R.S. 14:62, and attempted simple burglary, a violation of La.R.S. 14:27 and 14:62. He was sentenced to twelve years at hard labor on the first conviction and six years at hard labor on the second one, the sentences to run concurrently.
His appeal raises five assignments of error, two of which, Nos. one and four, were not briefed, and these two assignments are therefore considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Johnson, 438 So.2d 1295 (La.App. 3rd Cir.1983).
ASSIGNMENTS OF ERROR NOS. 2 AND 3
Number 2 poses whether the trial judge erred in admitting into evidence glass particles obtained from the scene of the crime. Number 3 argues that the trial judge erred in allowing Detective LeBlanc, who was not qualified as an expert, to express an opinion on whether the glass particles picked up off the ground on August 21, 1986, were from the window broken on May 14, 1986 and observed by the detective on that date.
Both offensesthe burglary on May 10, 1986, and the attempted burglary on May 14, 1986occurred at Ruby's 5-4 Lounge in New Iberia. In the early morning hours of May 14, 1986, someone trying to get in broke the glass of a rear window to Ruby's. Detective Kerry LeBlanc, investigating that day, observed that below the broken window lay broken glass. A number of photographs were taken during that investigation on May 14, 1986, and State's Exhibit No. 4 depicts the broken window and broken glass lying on the ground directly below the window.
On August 21, 1986, Detective LeBlanc and Captain Feller returned to the scene of the crime for further investigation. As the rear window of the lounge had already been replaced, samples of glass were retrieved from the broken glass lying on the ground directly below the attempted point of entry. These particles were submitted to the crime lab on August 21, 1986, for analysis. The glass particles were retrieved from the scene and analyzed so that they could be compared with glass particles found in or on defendant's clothing.
On September 11, 1986, Detective LeBlanc returned to the scene of the crime and photographed the area from which the particles of glass were taken on August 21, 1986. State Exhibits No. 11 and 12 depict the broken glass on the ground directly below the attempted point of entry as the scene appeared on September 11, 1986.
An evidentiary hearing was held to determine the admissibility of the glass particles retrieved from the scene on August 21, 1986. The trial judge ruled the particles were admissible and defendant's objection to the ruling was noted. On appeal, defendant asserts that it was error for the trial judge to admit the evidence because of the time lapse between the attempted burglary (May 14, 1986) and the retrieval of the glass (August 21, 1986), and the possibility that the evidence had been tampered with in the interim.
Before a piece of evidence can be admitted it must be sufficiently identified as the one involved in the occurrence. Dubois v. State, Through Department of Public Safety, 466 So.2d 1381 (La.App. 3rd Cir.1985). "The foundation must be laid which connects the specimen with its source, show that it was properly taken by an authorized person, properly labeled and preserved, properly transported for analysis, and properly tested." Id. In State v. Jackson, 309 So.2d 318 (La.1975), the Louisiana Supreme Court stated:
"... the foundation for admitting demonstrative evidence need only establish connexity by a preponderance of the evidence. It is sufficient if the testimony establishes that it is more probable than not that the object is connected with the case. The lack of positive identification goes to the weight of the evidence. Ultimately, connexity is a factual matter for determination by the jury."
As previously noted, photographs of the broken window and broken glass lying beneath the window were taken on May 14, 1986, the morning of the crime. On August 21, 1986, samples of glass particles were retrieved from the ground beneath *865 the point of attempted entry. The samples of glass particles were not taken directly from the window because by the time the samples were retrieved on August 21, the broken window had been replaced. Detective LeBlanc had an opportunity to observe the scene, including the point of attempted entry and the broken glass lying on the ground beneath that point, on May 14 and August 21, 1986. When asked if he had observed any signs of disturbance of the glass on the ground near the window he replied, "On May 14, the glass, it looked freshly broken and the glass was laying on top the grass. On August the 21st when I retrieved the samples, it looked like the grass had grew on top of the glass or around the glass." Over defendant's objection, Detective LeBlanc was allowed to answer the question of whether the broken glass observed on May 14, 1986 was the same glass retrieved on August 21, 1986. In response to the question Detective LeBlanc stated, "Basically it looked the same, yes."
Detective LeBlanc's testimony establishes that it is more probable than not that the glass particles retrieved on August 21 are connected with the case. State v. Jackson, supra. Although Detective LeBlanc could not "scientifically state" that the glass retrieved on August 21 was the same as the glass on May 14, the lack of positive identification goes to the weight of the evidence not its admissibility, as the trial judge correctly noted. State v. Jackson, supra. Given the above analysis, it appears the glass particles were properly admitted into evidence, therefore, defense counsel's contention that the trial judge erred in admitting the particles lacks merit.
Defendant's assignment of error No. 3 regarding this evidence is that the trial judge erred in allowing Detective LeBlanc to express an opinion on whether the glass particles retrieved on August 21 were the same as those observed on May 14. La.R.S. 15:463 provides that "Except as otherwise provided in this Code, the witness can testify only as to facts within his knowledge, and neither as to any recital of facts heard by him, nor as to any impression or opinion that he may have." Although the general rule is that a witness is incompetent to give opinion testimony, an exception has been recognized to La.R.S. 15:463, which allows a witness to state the natural inferences from the facts he has observed. State v. Prater, 337 So.2d 1107 (La.1976); State v. James, 447 So.2d 580 (La.App. 3rd Cir.1984). It is necessary for the witness to state the basic facts upon which the inference was based. State v. Prater, supra.
Under the above cited authority, it was not error to allow Detective LeBlanc to testify whether he thought the glass observed on May 14 was the same glass retrieved on August 21. Detective LeBlanc had an opportunity to observe the glass lying on the ground beneath the window on May 14, 1986, and August 21, 1986. In his testimony he indicated the glass looked freshly broken on May 14 and on August 21 it looked like the grass had grown on top of or around the glass. From his observance of the glass on the two occasions, Detective LeBlanc could testify to the natural and logical inference that the glass observed on May 14 and August 21 was the same. Detective LeBlanc has clearly stated the facts upon which the inference is based.
These assignments of error lack merit.
ASSIGNMENT OF ERROR NO. 5
Defense counsel alleges the sentence imposed was excessive and therefore violates Article 1, § 20 of the Louisiana Constitution of 1974. La.C.Cr.P. Art. 894.1 requires the trial judge to impose a sentence which is particularized to the defendant and the crime. The record must reflect consideration of the enumerated factors by the trial judge and a factual basis for the sentence. La.C.Cr.P. Art. 894.1. Although consideration must be given to Art. 894.1 in its entirety, the trial judge "... does not need to articulate every factor mentioned in the guidelines which he considered in imposing sentence." State v. Meshell, 473 So.2d 935 (La.App. 3rd Cir.1985).
From the record in the instant case we find that the mandate of La.C.Cr.P. Art. 894.1 was satisfied. The trial judge stated *866 that in imposing the sentences the court had given consideration to the sentencing guidelines; that there was an undue risk that during the period of a suspended sentence on probation the defendant would commit another crime; that the defendant was in need of correctional treatment or custodial environment that could be provided most effectively by his commitment to an institution; and further, that a lesser sentence would definitely deprecate the seriousness of the defendant's crimes.
The only applicable mitigating factor was that defendant's criminal conduct neither caused nor threatened serious harm as the burglary and attempted burglary were committed when the business establishment was closed, and therefore no one was present. Several aggravating factors were present. First, defendant had a prior criminal record, two felony convictions for simple burglary and numerous misdemeanor convictions. Second, it appears likely that defendant would continue to engage in criminal conduct if given the chance. When asked by the judge "Why can't you stop burglarizing places, Mister Comeaux?", defendant responded "I got aI got a problem, Your Honor."
In his brief defendant argued that the trial judge failed to consider his state of intoxication on the night in question. Intoxication could fit under La.C.Cr.P. Art. 894.1(B)(4) as something tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense. But the trial judge is not required under La.C. Cr.P. Art. 894.1 to articulate every aggravating and mitigating circumstance. State v. Cox, 474 So.2d 523 (La.App. 3rd Cir. 1985). Article 894.1 has been complied with if the record reflects the trial judge's consideration of all the guidelines. State v. Cox, supra. Although the sentencing judge did not specifically mention defendant's state of intoxication as a mitigating factor, the record reflects that he was well acquainted with all the circumstances of the case, and that he considered all of these guidelines.
Even though La.C.Cr.P. Art. 894.1 has been complied with, a sentence can be excessive if it is grossly disproportionate to the crime. "In determining whether the penalty is disproportionate to the offense, the appellate court must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice." State v. Meshell, supra. In imposing sentences within statutory limits, trial judges are given wide discretion and absent an abuse of that discretion, the sentence imposed will not be set aside. Id. The imposition of a maximum sentence should be reserved for cases involving the most serious violation of the charged offense and the worst kind of offender. State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983).
On both the simple burglary charge and the attempted simple burglary charge, defendant received the maximum sentence. However, the sentences were ordered to run concurrently. As previously noted, defendant had two prior felony convictions of simple burglary and numerous misdemeanor convictions before these offenses were committed. His first simple burglary conviction was in 1978. He was given a three year suspended sentence and put on probation. His probation was revoked in 1979. In 1983 he was convicted of another simple burglary. At the time of the present conviction he was 26 years old. In State v. Brown, 410 So.2d 1043 (La.1982), a twelve year sentence (maximum) on a conviction for simple burglary was upheld because defendant had been involved in criminal activity most of his life and at least two of his prior convictions were for felony offenses. The defendant in State v. Roy, 427 So.2d 612 (La.App. 5th Cir.1983), was sentenced to 12 years on a plea of guilty to simple burglary. The imposition of the maximum sentence was not disturbed because defendant was a third time offender and there was no intent on his part to reform. The circumstances in State v. Brown, supra, and State v. Roy, supra, are similar to the present case. We conclude that the trial judge did not abuse his sentencing discretion.
*867 The convictions and sentences are affirmed.
AFFIRMED.
NOTES
[*] Judge G. William Swift, Jr., Retired, Judge Pro Tempore.