G. WILLIAM SWIFT, Jr., Judge Pro Tern.
Defendant, Edward James Fisher, was charged by bill of information with three counts of armed robbery in violation of LSA-R.S. 14:64. After a trial on the merits, the jury found the defendant guilty of two counts of the lesser included offense of attempted armed robbery. The trial court sentenced defendant to fifteen years at hard labor without benefit of probation, parole or suspension of sentence. Defendant appeals his sentence alleging that it is excessive. We vacate the sentence and remand the case for resentencing.
FACTS
On April 9, 1986, defendant arrived in Lafayette, Louisiana from Jackson, Mississippi. He checked into the Starlite Motel under a fictitious name and met with his cousin, Bryant Roussel. Roussel stayed at the motel and the defendant went out to a nearby lounge. There, he met a friend, Becky Eyer, and her husband, Mansour. The defendant continued to drink heavily into the night and, as a result, the Eyers brought the defendant to their house to sleep it off. Allegedly, while at the lounge, the Eyers jokingly discussed how bad things were for them and how they would like to rob a bank. The next day Roussel insisted that the defendant take him to the Eyers’ apartment. When they arrived, Mansour Eyer was not there. Roussel and Becky talked while the defendant lay on the floor suffering from his hangover. Roussel asked Becky to get some pillow cases. He then woke the defendant and the three left in the latter’s vehicle. As they drove around Roussel selected the Bank of Lafayette on Johnston Street in Lafayette as the one to rob. Becky was told to stay in the car while Roussel and the defendant went into the bank.
Upon entering, Roussel took control, jumped over the counter, and robbed two tellers, putting the money in the pillow cases. He then took a set of car keys from a customer. While this was taking place, the defendant stood near the door and functioned as a lookout. The defendant testified he spoke to no one in the bank and only stood near the doorway. The two fled from the bank in the customer’s vehicle and drove a few blocks. After abandoning the car, they stole two bicycles and a knapsack from a University of Southwest Louisiana student and rode to that campus where they were captured by Lafayette Police Department officers.
Bryant Roussel, pursuant to a plea bargain, pled guilty to one count of armed robbery and was sentenced to twenty-five years at hard labor without parole.
The defendant elected to go to trial. As stated, the jury found him guilty of two counts of attempted armed robbery. The trial judge ordered a pre-sentence investigation and report. After reviewing the report and the sentencing hearing, the trial judge sentenced defendant to fifteen years at hard labor without benefit of parole, pardon or suspension of sentence.
LAW
Two counts of attempted armed robbery carry a maximum sentence of 99 years without benefit of parole, probation or suspension of sentence. LSA-R.S. 14:64 and 14:27. Thus, the sentence imposed by the trial judge is within the maximum sen *155 tence allowed. However, even a sentence which falls within the statutory limit may violate a defendant’s right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). A trial judge is required to state for the record both the considerations and the factual basis taken into account for imposition of sentence. La.C.Cr.P. Art. 894.1; State v. Schaeffer, 414 So.2d 730 (La.1982); State v. Jackson, 360 So.2d 842 (La.1978).
The trial court does not have to state every aggravating and mitigating factor but the statutory guidelines in Art. 894.1 must be adequately considered. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984); State v. Richardson, 438 So.2d 1315 (La.App. 3 Cir.1983).
In the instant case the trial judge noted the following before sentencing the defendant:
“Because of the seriousness of this offense, and quite obviously the two counts of attempted armed robbery the jury returned a verdict of guilty to the amended — to the lesser charge of two counts attempted armed robbery, and because of the investigative report along with other information provided to the Court, and taking into consideration the seriousness of the offense, the Court sentences the defendant to serve fifteen (15) years at hard labor without the benefit of probation, parole, or suspension of sentence.”
Under the sentencing guidelines set forth in La.C.Cr.P. Art. 894.1, a sentence must be individualized to the defendant. State v. Day, 414 So.2d 349 (La.1982). When these guidelines are followed, a sentence should not be set aside as excessive in the absence of an abuse of the trial court’s wide sentencing discretion. State v. Dennard, 482 So.2d 1067 (La.App. 3 Cir.1986).
In this instance we are unable to say whether the trial judge abused his discretion in imposing this sentence as he has not fully articulated the reasons therefor as required by Article 894.1.
A review of the record before this court indicates several mitigating circumstances that were not mentioned in the trial judge's imposition of the sentence. The co-defendant, Bryant Roussel, clearly indicated he was the agitator and that the defendant was an amateur and not a likely person to rob a bank. A professor from Alcorn State University testified on behalf of the defendant noting that he had a good reputation back home and was not the type to commit another offense. The defendant was also a first offender with no prior criminal history.
It is likely that the court considered these mitigating circumstances and others before imposing sentence. However, the record does not reflect that he did so, and we must conclude that the trial court failed to properly follow the guidelines of Article 894.1.
Accordingly, the defendant’s conviction is affirmed. The sentence is vacated, and the case is remanded for resentencing in accordance with law.
AFFIRMED; SENTENCE VACATED; REMANDED.