KING, Judge.
This appeal presents the sole issue of whether or not the sentence imposed on the defendant for conviction of two counts of attempted armed robbery is excessive.
Edward James Fisher (hereinafter defendant) was charged by bill of information with three counts of armed robbery in violation of La.R.S. 14:64. After a trial on the merits, a jury found defendant guilty of two counts of the lesser included offense of attempted armed robbery. A sentence of fifteen years at hard labor without the benefit of probation, parole or suspension of sentence was imposed upon defendant. On appeal, this court affirmed defendant’s conviction but vacated the sentence because the trial judge failed to properly follow the sentencing guidelines set forth in La.C.Cr.P. Art. 894.1. State v. Fisher, 525 So.2d 153 (La.App. 3 Cir.1988). On remand, the trial court, after complying with the sentencing guidelines set forth in La.C. Cr.P. Art. 894.1, reimposed the same fifteen year sentence. It is from the reimpo-sition of a fifteen year sentence at hard labor without the benefit of probation, parole or suspension of sentence that defendant appeals. We affirm.
FACTS
The pertinent facts of the crime for which defendant was convicted, which were set forth in our prior opinion, are as follows:
“On April 9, 1986, defendant arrived in Lafayette, Louisiana from Jackson, Mississippi. He checked into the Starlite Motel under a fictitious name and met with his cousin, Bryant Roussel. Rous-sel stayed at the motel and the defendant went out to a nearby lounge. There, he met a friend, Becky Eyer, and her husband, Mansour. The defendant continued to drink heavily into the night and, as a result, the Eyers brought the defendant to their house to sleep it off. Allegedly, while at the lounge, the Eyers jokingly discussed how bad things were for them and how they would like to rob a bank. The next day Roussel insisted that the defendant take him to the Eyers’ apartment. When they arrived, Mansour Eyer was not there. Roussel and Becky talked while the defendant lay on the floor suffering from his hangover. Roussel asked Becky to get some pillow cases. He then woke the defendant and the three left in the latter’s vehicle. As they drove around Roussel selected the Bank of Lafayette on Johnston Street in Lafayette as the one to rob. Becky was told to stay in the car while Roussel and the defendant went into the bank.
Upon entering, Roussel took control, jumped over the counter, and robbed two tellers, putting the money in the pillow cases. He then took a set of car keys from a customer. While this was taking place, the defendant stood near the door and functioned as a lookout. The defendant testified he spoke to no one in the bank and only stood near the doorway. The two fled from the bank in the customer’s vehicle and drove a few blocks. After abandoning the car, they stole two bicycles and a knapsack from a University of Southwest Louisiana student and rode to that campus where they were captured by Lafayette Police Department officers.
Bryant Roussel, pursuant to a plea bargain, pled guilty to one count of armed robbery and was sentenced to twenty-five years at hard labor without parole.
The defendant elected to go to trial. As stated, the jury found him guilty of two counts of attempted armed robbery. The trial judge ordered a pre-sentence investigation and report. After reviewing the report and the sentencing hearing, the trial judge sentenced defendant to fifteen years at hard labor without benefit of parole, pardon or suspension of sentence.” State v. Fisher, 525 So.2d 153, at page 154 (La.App. 3 Cir.1988).
*540 EXCESSIVE SENTENCE
Defendant contends the sentence imposed by the trial judge is unconstitutionally excessive and results in cruel and unusual punishment in violation of La. Const. Art. I § 20. Defendant argues the trial court, in imposing sentence, failed to accord sufficient weight to his lack of a previous record and the fact that there is nothing in the record to indicate he is likely to commit another crime. See La.C.Cr.P. Art. 894.1(B)(7), (8), (9).
As previously noted, the jury found defendant guilty of two counts of attempted armed robbery. Conviction of attempted armed robbery mandates a sentence of not less than two and one-half years or not more than forty-nine and one-half years at hard labor without benefit of parole, probation, or suspension of sentence. LSA-R.S. 14:64 and 14:27. The sentence imposed on the defendant is therefore within the statutory limits of sentencing for this crime. However, even a sentence which falls within statutory limitations may be excessive. State v. Sepulvado, 367 So.2d 762 (La. 1979).
An excessive sentence is one which (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. State v. Telsee, 425 So.2d 1251 (La.1983). In reviewing an excessive sentence claim, the appellate court should look to the reasons articulated by the trial judge for assistance in determining whether a sentence is excessive. State v. Bourgeois, 406 So.2d 550 (La.1981). An appellate court, when reviewing an excessive sentence claim, must be mindful of the fact that wide discretion is granted to trial judges in the imposition of sentences within statutory limits and a sentence will not be set aside as excessive absent a manifest abuse of discretion. State v. Meskell, 473 So.2d 935 (La.App. 3 Cir.1985).
The initial focus in reviewing an excessive sentence claim should be on the nature of the offense and the offender. At this stage of the analysis, a review of the trial court’s application of the factors enumerated in La.C.Cr.P. Art. 894.1 is helpful. In his reasons for resentencing, the trial judge stressed that the defendant was more than a mere lookout as stated by this Court in its earlier appellate opinion. He pointed out that the evidence revealed defendant was armed with a gun and that he held the gun on the victims and ordered them not to move during the commission of the crime. He also emphasized that defendant’s conduct threatened serious harm to the numerous people in the bank during the armed robbery.
Mitigating factors such as the lack of a prior criminal record and defendant’s reputation were also considered by the trial judge prior to resentencing. The trial judge explained that he did not give the defendant the maximum sentence because of these mitigating factors.
We find that the trial judge has adequately complied on resentencing with the sentencing guidelines set forth in La.C. Cr.P. Art. 894.1 and that he has not abused his discretion and imposed a sentence which makes no measureable contribution to acceptable goals of punishment or which is a purposeless and needless imposition of pain and suffering or grossly out of proportion to the severity of the crime.
In brief to this Court, defendant cites the cases of State v. Bowick, 403 So.2d 673 (La.1981), dissenting opinion, 438 So.2d 564 (La.1983), and State v. Fredenburg, 441 So.2d 443 (La.App. 2 Cir.1983) in support of his contention that his sentence is excessive. After reviewing these cases, we find them to be inapposite. While each of these cases involved convictions for attempted armed robbery of individuals, none were for attempted armed robbery of a bank.
Considering the serious and dangerous nature of the crime for which the defendant was convicted, and the fact that the sentence imposed was for conviction of two counts of attempted armed robbery, we do not find that defendant’s sentence is excessive. For these reasons, this assignment *541 of error lacks merit and defendant’s sentence is affirmed.
AFFIRMED.