hMARVIN, Chief Judge.
After being convicted by a jury of simple burglary of a Monroe lounge, his second felony offense, and receiving the maximum sentence of 12 years at hard labor, Marvin Goldman appeals only his sentence. La.R.S. 14:62. Construing his criminal conduct, past and present, as involving only “relatively minor” offenses against property, Goldman claims the maximum sentence is constitutionally excessive and disproportionate to the severity of his conduct.
Considering the totality of Goldman’s personal and criminal history, we affirm.
DISCUSSION
About 4:00 a.m. on November 25,1994, the 24-year-old Goldman broke a window at the lounge where his mother was employed, which was then closed, intending to steal several bottles of whiskey to trade for crack cocaine. A witness to the break-in called police, who arrested Goldman at the scene. Five whiskey bottles found on the seat of the booth next to the broken window were returned to the store owner, who spent about $50 to fix the window.
Goldman’s prior felony, ■ simple criminal damage to property, was committed at age 20, at the residence of his aunt and uncle, with whom Goldman had lived off and on *355 since age nine, when his parents separated. When Goldman’s uncle attempted to stop a physical fight between Goldman and his girlfriend, Goldman broke the windows and rear windshield of his uncle’s car, and all of the windows in the home, with a baseball bat or similar object. About two months later, Goldman forced his way into his girlfriend’s home and hit her with his fists. He later pleaded guilty to both charges, simple battery and criminal property damage, receiving a fine for the battery and a nine-month suspended sentence for the property damage. He made no effort to comply with the terms of his five-year ^probation and was arrested again within a few months for remaining on an undisclosed person’s premises after being asked to leave.
In 1992, Goldman’s probation was revoked and he served a few months in jail. Within two weeks of his release on parole, he tested positive for cocaine and marijuana use. His parole was not revoked, however, but was-allowed to expire without further action in early 1993. His only arrests that year were for misdemeanors: loitering, disturbing the peace and interfering with a police officer. The present offense was committed in 1994. At the time of sentencing in 1996, Goldman had been convicted of another disturbing the peace charge and was awaiting trial for trespassing.
Goldman’s juvenile record includes another battery against a girlfriend, for which Goldman served time at LTI after his probation was revoked. One of his juvenile supervisors described Goldman as having had “little respect for people or property.” As noted by the trial court, Goldman’s disregard for the rights of others has continued into his adult years.
Goldman reports having held only two jobs, for a combined period of less than one year. Though never married, he has at least one child whom he does not support. He has a history of substance abuse and continues to use alcohol every day and marijuana and cocaine “whenever he can get it, even while on bond for the present offense,” according to the PSI report. His lifestyle is “nomadic” and he lives “from girlfriend to girlfriend.” His aunt who helped raise him described him as “hostile and hot-headed,” and his entire family “appears to want little to do with him, as he seems to have worn out his welcome wherever he goes.”
The facts in this record belie Goldman’s description of his past and present criminal conduct as involving only relatively minor property offenses. Goldman has battered at least two of his girlfriends, and his prior felony conviction for damaging his uncle’s property resulted from a violent outburst which clearly |3threatened bodily harm to anyone in the path of the broken glass. His past experiences with probation and parole have made it clear that he has no intention of changing his behavior, which appears to be fueled at least in part by his ongoing drug and alcohol abuse.
In light of these aggravating factors, the mere fortuity that the owner of the lounge Goldman burglarized did not actually lose any of his liquor inventory does not render the maximum 12-year sentence excessive by constitutional standards. See and compare State v. Thompson, 520 So.2d 1116 (La.App. 3d Cir.1987) and State v. Comeaux, 524 So.2d 863 (La.App. 3d Cir.1988).
Goldman’s sentence is AFFIRMED.