438 So.2d 1283 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Larry James MOSS and Edward Dan Goodman, Defendants-Appellants.
No. CR83-233.
Court of Appeal of Louisiana, Third Circuit.
October 12, 1983.
Writ Denied December 9, 1983.
*1284 William D. Dyess, Many, for Moss.
Don Burkett, Self & Burkett, Many, for Goodman.
James L. Davis, Dist. Atty., Many, Abbott J. Reeves, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Before STOKER, LABORDE and KNOLL, JJ.
KNOLL, Judge.
The defendants, Larry James Moss and Edward Dan Goodman, were jointly charged by bill of information with possession of marijuana with intent to distribute, a violation of LSA-R.S. 40:966 A. The defendants pleaded guilty to the charge. The trial judge imposed a sentence of five years at hard labor on each defendant. The defendants appeal claiming that the sentences imposed are excessive and the trial judge failed to apply the sentencing guidelines of LSA-C.Cr.P. Art. 894.1.

FACTS
Both defendants, Moss and Goodman, were stopped in a pickup truck, based on information received by Deputy John Rainer. Goodman admitted to marijuana being in the truck and signed a consent to search. Approximately two pounds of marijuana were found in the truck. Just two hours prior to their arrests, the defendants had sold marijuana to an undercover agent.
As a result of negotiated plea bargains, the State agreed not to prosecute the defendants for the sale to the undercover agent and for a maximum sentence limitation of six years. Without this negotiated plea, the defendants were exposed to a $15,000 fine and ten years, plus prosecution on another charge.
*1285 Rather than plea to a specific sentence, the defendants negotiated for a maximum sentence limitation of six years. This was thoroughly discussed with the defendants by the trial judge when he accepted their pleas. The defendants now complain that the sentences are excessive while they have benefited from a negotiated plea with the State for a sentence within the plea range. We will not entertain a complaint of excessiveness when the sentences fall within less than the maximum limitation bargained for and agreed upon.
We do not find the sentences to be invalid.

MOSS SENTENCE
The sentencing judge had the benefit of a presentence investigation report which he stated that he had reviewed. Moss' attorney specifically pointed out to the court certain mitigating circumstances to include: the defendant was 21 years of age; he had no previous criminal record; and was employed.
The sentencing court also indicated it had reviewed the defendant's presentence investigation report in light of Article 894.1 and the court felt the seriousness of the offense outweighed the mitigating circumstances. The court felt that the defendant was likely to commit another crime and that a lesser sentence would deprecate the seriousness of this offense.

GOODMAN SENTENCE
Goodman's sentence paralleled the sentencing procedure of Moss. In addition, the sentencing judge commented that the defendant's age of 23 did not place him at an age level of one who is just reaching adulthood and committing a crime.

ASSIGNMENTS OF ERROR
Given compliance with Article 894.1, a sentence will not be set aside as excessive absent manifest abuse of the trial judge's sentencing discretion. State v. Sepulvado, 367 So.2d 762 (La.1979). While not controlling, we consider that the plea bargain should be considered as a factor in determining whether the sentence imposed in accordance therewith is excessive. State v. Smack, 425 So.2d 737 (La.1983).
We find that the sentencing judge complied with Article 894.1. The mitigating circumstances were well considered by the judge. It is within his sentencing discretion to determine whether the aggravating circumstances outweigh the mitigating circumstances. The sentencing judge is not required to recite and list every factor in the statute governing sentencing guidelines. State v. Kline, 427 So.2d 1298 (La. App. 2nd Cir.1983). The record provides this court with an adequate basis for review and constitutes adequate compliance with Article 894.1. Where the record clearly shows an adequate factual basis for the sentence imposed, a remand to require the trial court to restate for the record matters which are already apparent from the record is unnecessary. State v. Day, 391 So.2d 1147 (La.1980); State v. Johnson, 411 So.2d 439 (La.1982).
The penalty imposed must be so disproportionate to the crime committed, in light of the harm caused society, as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980). We do not find the sentence imposed so disproportionate to the crimes committed as to shock our sense of justice.
We therefore find these assignments of error are without merit.

DECREE
The conviction and sentence of the defendants are affirmed.
AFFIRMED.