485 So.2d 260 (1986)
STATE of Louisiana
v.
Jerry CARTER.
No. CR 85-669.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1986.
Rehearing Denied April 9, 1986.
*261 Phillip A. Letard, Koeber & Letard, Vidalia, for defendant-appellant.
J. Reed Walters, Asst. Dist. Atty., Jena, for plaintiff-appellee.
Before GUIDRY, LABORDE and KNOLL, JJ.
GUIDRY, Judge.
The defendant, Jerry Carter, was charged with possession of marijuana with intent to distribute, in violation of La.R.S. 40:964 Schedule I C(22), 40:966 A(1), and 40:966 B(2). At a hearing held on March 6, 1985, the trial court denied defendant's motion to suppress both evidence and statements obtained as a result of two (2) searches conducted on January 30, 1984. On March 11, 1985, the defendant changed his plea from not guilty to guilty reserving, however, his right to appeal the trial court's denial of his motion to suppress and was sentenced to three (3) years at hard labor with the Department of Corrections. Defendant appeals both the trial court's denial of the motion to suppress and the sentence imposed.

FACTS
On January 30, 1984, Gary Whatley, a probation officer, was making "routine visits" with some of the probationers and parolees to which he was assigned. While visiting with one of the probationers, the Tullos police chief arrived and advised Whately that the defendant, one of Whately's probationers, was growing and selling marijuana from his trailer. The police chief's information allegedly came from a "reliable informant". Whatley decided, after receiving the tip, that he would go and talk to the defendant about these allegations. When he reached the defendant's residence, he was informed by the defendant's ex-wife and then consort, Krista McClure, that the defendant was out, but would return later that evening. Ms. McClure allowed Whatley to enter the trailer where they spoke to one another in the living area for about 15 minutes while Whatley waited for defendant's return. After this brief conversation, according to Whatley, he then asked Ms. McClure if he could look around the trailer. According to Whatley, consent was given whereupon he observed a marijuana plant in the bedroom in plain view.
When Jerry Carter arrived, he was placed under arrest by Whatley for a probation violation and was later twice given his Miranda rights. In response to a call made by Whatley at the home of one of the defendant's neighbors, Officer Bobby Cruse arrived and was advised of the events that occurred that afternoon. Officer Cruse subsequently secured a search warrant for the defendant's trailer. The *262 later search revealed more marijuana plants growing in the bedroom closet.

ASSIGNMENTS OF ERROR
1. Trial court erred in failing to grant defendant's motion to suppress.
2. Trial court erred in that the sentence was excessive and failed to meet the requirements of 894.1 of the Louisiana Code of Criminal Procedure.

ASSIGNMENT OF ERROR NO. 1
The defendant asserts that the fact of his probation status is of no consequence in regard to the constitutional rights he is to be afforded, arguing that both the Louisiana and United States Constitutions protect even probationers from unreasonable searches and seizures. U.S.Const.Amend. 4; La.Const. Art. 1 § 5.
The Louisiana Supreme Court has held that an individual on probation does not have the same freedom from governmental intrusion into his affairs as does the ordinary citizen, but has essentially the same status as a parolee, in that both have a reduced expectation of privacy. Albeit, a probationer or parolee is entitled to the protection afforded by The Fourth Amendment and La.Const. Art. 1 Sec. 5 against unreasonable searches. State v. Malone, 403 So.2d 1234 (La.1981). The probationer or parolee's reduced expectation of privacy occurs as a result of his prior conviction and the circumstance of his agreement to allow continuing scrutiny of his activities while on parole or probation to assure that his conduct conforms with the conditions of his probation. Thus, our Supreme Court in State v. Patrick, 381 So.2d 501 (La.1980) recognized that warrantless searches of a parolee's person and residence by a parole officer may be upheld as reasonable, although less than probable cause was shown.
In State v. Malone, supra, our Supreme Court, relying on Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), concluded that a determination as to whether a particular search is reasonable must be considered in light of the total atmosphere in which it took place, i.e., (1) the scope of the particular intrusion; (2) the manner in which it was conducted; (3) the justification for initiating it; and, (4) the place in which it was conducted.
In Malone, supra at 1239, the court distinguished between a routine visit by a probation officer and a visit that was actually a subterfuge for criminal investigation. The facts in Malone indicate that the defendant's name was on the probation officer's routine visit list, and that the probation officer did not receive any tip from a police officer that defendant was in violation of his probation agreement. While approaching the probationer's house, the officer saw a hose running into the woods from the defendant's house. Upon investigation, without a warrant, the probation officer discovered a marijuana patch. Under these conditions, the court held that the warrantless search was reasonable.
Malone, supra, and the present case are distinguishable in that, in the instant case, Whatley was following a tip that the defendant was engaging in criminal activity. However, in this regard, there is no evidence that Whatley, in response to this tip, set out to conduct an immediate warrantless search of the defendant's trailer. Nor does the record reflect that the limited search conducted by Whatley was initiated at the suggestion of the police. Rather, Whatley testified that his intention was to visit with the defendant and discuss allegations of criminal activity with him. Whatley's stated intention is corroborated by the fact that he did not conduct an immediate search of the Carter residence after he was allowed entry thereof by Ms. McClure. Although the visit by Whatley was not a routine visit, as was the case in Malone, supra, we do not consider that this circumstance dictates the conclusion that Whatley was conducting a criminal investigation. As acknowledged in Malone, supra, to further the purposes of probation it is a standard condition that the probationer allow the probation officer to visit his home at the option of the officer. In our view, *263 Whatley, under the circumstances, had not only the right but the duty to visit and discuss this matter with defendant. However, we need not determine whether, under the "total atmosphere" of this case, Whatley's search was a subterfuge for criminal investigation or, if not, whether the circumstances present entitled him to conduct a warrantless search inside the Carter home, because the record reflects that valid consent was given for the limited search conducted.
Warrantless searches are valid if performed after a valid consent is given by someone who possesses common authority or other sufficient relationship to the premises or effects sought to be inspected. United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); State v. Bodley, 394 So.2d 584 (La.1981); State v. Cover, 450 So.2d 741 (La.App. 5th Cir. 1984), writ denied, 456 So.2d 166 (La.1984).
The United States Supreme Court identified two bases for its "common authority" rule: (1) that the consenting party could permit the search "in his own right"; and, (2) that the defendant had "assumed the risk" that a co-occupant might permit a search. United States v. Matlock, supra; State v. Price, 476 So.2d 989 (La.App. 1st Cir.1985).
Whether consent is voluntary is a fact question. The determination of the trial court on this issue must be given great weight on appeal. State v. Dunbar, 356 So.2d 956 (La.1978); State v. Temple, 343 So.2d 1024 (La.1977).
The facts in the instant case show that Ms. McClure, who was living in the trailer, invited Mr. Whatley into the trailer. They then spoke to each other for approximately 15 minutes in the living area. Mr. Whatley contends that he asked Ms. McClure if he could look about the trailer. She allegedly consented, accompanied Whatley on his search and even opened the door to the bedroom which contained the marijuana plant which was in plain view on the windowsill.
The defendant contends that Ms. McClure's consent was not valid because she was not told that she had a right to refuse the search. While the fact that a person was not warned of her right to refuse to consent to search is one factor to be considered, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent to search. State v. Bourgeois, 388 So.2d 359 (La.1980), appeal after remand, 406 So.2d 550 (La.1981); State v. Rogers, 324 So.2d 403 (La.1975).
After reviewing the record, we feel it is evident that the trial judge did not err in determining that the consent to search was freely and validly given by Ms. McClure, and that she had the right to give said consent because she possessed common authority over the residence. Matlock, supra; Dunbar, supra; Temple, supra; State v. Watson, 477 So.2d 788 (La. App. 5th Cir.1985).
Thus, since the first search of the trailer by Whatley was valid, the use of the information obtained as a result of that search in an affidavit as probable cause to issue a search warrant for the second search was also valid. State v. Bruno, 427 So.2d 1174 (La.1983).
In light of all of the foregoing, the defendant's contention that the trial court erred in failing to grant the motion to suppress lacks merit.

ASSIGNMENT OF ERROR NO. 2
The defendant asserts that the trial court erred in that the sentence was excessive and failed to meet the requirements of La.C.Cr.P. art. 894.1.
To assist the courts in imposing appropriate sentences, La.C.Cr.P. art. 894.1, which provides sentencing guidelines, was enacted. It sets forth three factors or aggravating circumstances weighing in favor of a sentence of imprisonment and eleven factors or mitigating circumstances weighing in favor of a probated or suspended sentence. In imposing a sentence which may appear to be severe, the sentencing *264 judge must set out for the record specific reasons for the sentence imposed which are based on particular facts and considerations related to the defendant and his offense. State v. Morgan, 428 So.2d 1215 (La.App. 3rd Cir.1983), writ denied, 433 So.2d 166 (La.1983). However, the sentencing judge is not required to articulate every factor provided in Article 894.1 so long as the record reflects that these factors were considered in particularizing the sentence to the defendant. State v. Morgan, supra. The statement of reasons is designed to aid the appellate court in the review of an alleged excessive sentence. State v. MacDonald, 390 So.2d 1276 (La.1980).
In sentencing the defendant, the trial judge found that all three factors weighing in favor of a sentence of imprisonment were present in this case. Where either one of parts A(1), (2), or (3) of La.C.Cr.P. art. 894.1 is applicable, the court has a legislative mandate to imprison a convicted felon. State v. Johnson, 474 So.2d 36 (La. App. 3rd Cir.1984); State v. Foley, 448 So.2d 731 (La.App. 5th Cir.1984). Furthermore, the sentencing transcript shows that the trial judge was aware of and considered the guidelines of La.C.Cr.P. art. 894.1. He took into account aggravating and mitigating factors, which is all that is required. State v. Brian, 467 So.2d 878 (La.App. 3rd Cir.1985).
Additionally, even if it is found that the trial judge failed to adequately consider or articulate the 894.1 guidelines in sentencing this defendant, where a sentence imposed is not apparently severe and is in the lower range of the sentencing scale, a court of appeal need not remand for compliance with Article 894.1. State v. Jones, 412 So.2d 1051 (La.1982); State v. Rainwater, 448 So.2d 1387 (La.App. 3rd Cir.1984). The record reveals that the trial judge ordered a pre-sentence investigation and report which was made part of the record. The report included a brief history of the defendant. The defendant is a twenty-four (24) year old Caucasian male who completed high school and one year of college. This is his second felony conviction for possession of marijuana with intent to distribute. The incident giving rise to his second conviction occurred while he was on probation for his first conviction. The crime of possession of marijuana with intent to distribute is punishable by imprisonment at hard labor for not more than ten years and a fine of not more than $15,000.00. Therefore, under the circumstances of this defendant's case, the three year sentence imposed is in the lower range of the sentencing scale and is not apparently severe.
Therefore, the defendant's contention that the sentence was excessive and failed to meet the requirements of La.C.Cr.P. art. 894.1 is without merit.

DECREE
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.