LABORDE, Judge.
Defendant, Mona Jane Funderburk Woo-dle, was charged by bill of information with distribution of a controlled dangerous substance, Diazepam, a violation of LSA-R.S. *164 40:969(A). Following defendant’s guilty plea to the charge, she was sentenced to serve three years at hard labor. On appeal, defendant alleges three assignments of error all pertaining to the sentence imposed.
ASSIGNMENT OF ERRORS NO. 1 AND 2
As defendant’s first two assignments of error pertain to the application of La.C.Cr. P. art. 894.1, they will be discussed simultaneously. Assignment of error number one alleges that the trial court failed to properly apply the sentencing guidelines of art. 894.1. In the second assignment of error, defendant alleges that the record does not contain a factual basis for the sentence imposed.
The trial judge is required by art. 894.1 to state in the record the considerations taken into account in imposing sentence and provide a factual basis for the sentence. While the trial judge is not required to articulate every factor enumerated in art. 894.1, the record must reflect that he adequately considered all the factors in particularizing the sentence to the defendant. State v. Cottingin, 476 So.2d 1184 (La.App. 3d Cir.1985), after remand, 496 So.2d 1379 (La.App. 3d Cir. 1986). Consideration must be given to not only the aggravating factors which support incarceration but also to the mitigating factors. State v. Smith, 426 So.2d 738 (La.App. 3d Cir.1983), after remand, 445 So.2d 156 (La.App. 3d Cir.1984).
Elements to consider in particularizing the sentence to defendant are “the convict’s personal history (age, family ties, marital status, health, employment record), prior criminal record or absence thereof, seriousness of the particular offense and the likelihood of recidivism or rehabilitation— ” State v. Soco, 441 So.2d 719, 720 (La.1983), after remand, 508 So.2d 915 (La. App. 4th Cir.1987). A trial court’s failure to adequately comply with art. 894.1 will not necessitate remand if the record illumines and supports the sentencing choice. State v. Jones, 478 So.2d 764 (La.App. 3d Cir.1985).
An application of the above cited principles to the instant case supports our finding that the trial judge adequately complied with art. 894.1 and stated a factual basis for the sentence. The court concluded that defendant was in need of a custodial environment which could be provided most effectively by confinement. Additionally, the court concluded a lesser sentence would deprecate the seriousness of the crime.
In viewing the factors which must be considered in determining whether a probated or suspended sentence would be appropriate, the trial judge recognized that defendant’s conduct at least threatened serious harm by selling such a potent drug and there was nothing to indicate defendant did not contemplate the potential harm. The trial judge found that the mitigating factors listed in subparts 3 through 6 of paragraph B were inapplicable to the instant case. In discussing subpart 7, defendant’s prior criminal record, the court began by noting defendant’s 1984 conviction for DWI for which she successfully completed the probationary period. Defendant was also arrested in Sabine Parish on a charge of accessory after the fact to simple burglary of an inhabited dwelling; however, a no true bill was returned. Also in 1984, defendant was arrested for distribution of marijuana, but the charge was amended to simple possession and defendant was ordered to pay a fine of $200 plus court costs or serve 10 days in jail.
Apparently commenting on the likelihood of the recurrence of defendant’s criminal activity in the future, the trial judge noted defendant’s previous conviction involving marijuana indicated a past involvement in illegal drugs. While recognizing the possibility that defendant might respond affirmatively to probation, the court concluded the possibility was outweighed by the seriousness of the offense. The trial judge stated that no excessive hardship would be suffered by defendant or her dependents as her two children were in the custody of her mother and sister.
*165 In further particularizing the sentence to defendant, the court discussed defendant’s personal history. Defendant has been married three times and has two children from her second marriage. The children are eight and eleven years old. One child is in the temporary custody of defendant’s sister. According to educational records, defendant completed high school with above average grades and attended three semesters at Northwestern Louisiana State University. Between 1984 and 1985 defendant tended bar at three different establishments. The pre-sentence investigation indicates that defendant was unemployed between 1981 and 1984, but worked as a mail carrier for the U.S. Postal Service from 1975-1981.
The above discussion supports our conclusion that the trial judge properly applied the art. 894.1 factors and provided a factual basis for the sentence imposed. Assignment of errors no. 1 and 2 lack merit.
ASSIGNMENT OF ERROR NUMBER 3
Defendant contends her three year sentence on a distribution of Diazepam conviction is excessive. In 1974, Article 1, section 20 of the Louisiana Constitution was amended to prohibit excessive punishment as well as cruel and unusual punishment. On appeal a defendant may raise the issue of excessive sentence though his sentence is within the statutory limits. State v. Sepulvado, 367 So.2d 762 (La. 1979).
An excessive sentence is one which “(1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime.” State v. Telsee, 425 So.2d 1251 (La.1983). In reviewing an excessive sentence claim, the appellate court should look to the reasons articulated by the trial judge for assistance in determining whether a sentence is excessive. State v. Bourgeouis, 406 So.2d 550 (La. 1981). An appellate court, when reviewing an excessive sentence claim, must be mindful of the fact that wide discretion is granted to trial judges in the imposition of sentences within statutory limits and a sentence will not be set aside as excessive absent manifest abuse of discretion. State v. Meshell, 473 So.2d 935 (La.App. 3d Cir. 1985).
The initial focus in reviewing an excessive sentence claim should be on the nature of the offense and the offender. At this stage of the analysis, a review of the trial court’s application of the factors enumerated in art. 894.1 is helpful. As a full discussion of the trial court’s application of art. 894.1 was provided in the analysis of assignments of error numbers 1 and 2, the discussion will not be repeated here and reference should be made to that discussion.
In addition to looking at the nature of the offense and the offender in analyzing an excessive sentence claim, a court may compare the sentence imposed with sentences received by other defendants convicted of similar crimes. State v. Telsee, 425 So.2d at 1253. In State v. Carter, 485 So.2d 260 (La.App. 3d Cir.), writ denied, 492 So.2d 1216 (La.1986), cert den., 479 U.S. 1087, 107 S.Ct. 1293, 94 L.Ed.2d 149 (1987), the defendant was charged with possession of marijuana with intent to distribute. After accepting defendant’s guilty plea, the trial court sentenced him to three years at hard labor. On appeal, defendant contended his sentence was excessive. Personal data on defendant revealed that he was 24 years old, received a high school diploma and attended college for a year. Carter was on probation for a possession of marijuana with intent to distribute conviction when he committed the crime. At the time of the offense, the maximum sentence for his conviction was 10 years at hard labor and a fine of $15,000. This court upheld the sentence and stated, “under the circumstances of this defendant’s case, the three year sentence imposed is in the lower range of the sentencing scale and is not apparently severe.” State v. Carter, 485 So.2d at 264.
Although the defendant in the instant case was charged with distribution of *166 a different type of drug than that involved in Carter, both defendants were exposed to a possible sentence of up to ten years and both received only a three year sentence. While it was the second felony conviction for the defendant in Carter, defendant in the instant case had prior convictions for DWI and simple possession of marijuana.
In State v. Moss, 438 So.2d 1283 (La.App. 3d Cir.1983), two defendants entered guilty pleas to possession of marijuana with intent to distribute. Absent a plea bargain agreement, the defendants could have been sentenced up to ten years and fined up to $15,000. However, the defendants, as a result of plea negotiations, were to be sentenced to not more than six years. Also resulting from plea negotiations was the state’s promise not to prosecute defendants on another charge. On appeal, defendants alleged their five year sentences were excessive. This court held the sentences were not so disproportionate to the crimes committed as to shock our sense of justice. Although charged with distribution of different types of drugs, the defendants in Moss, and the defendant in the instant case were exposed to possible ten year sentences (absent the plea bargain in Moss) yet the defendants in Moss, received five year sentences and the defendant in the instant case received only three years.
In conclusion, when the nature of the offense, the offender, and the comparison cases are considered, it cannot be said that defendant’s three year sentence is so disproportionate as to shock our sense of justice. As this sentence is not excessive, this assignment of error lacks merit.
For the above and foregoing reasons, the conviction and sentence of defendant are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.