564 So.2d 778 (1990)
STATE of Louisiana, Appellee,
v.
Charles Larry VAILES, Appellant.
No. 21542-KA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 1990.
*780 Indigent Defender Office by Ford E. Stinson, Jr., Benton, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Henry N. Brown, Jr., Dist. Atty., Bossier City, Whitley Graves, Asst. Dist. Atty., Benton, for appellee.
Before MARVIN, SEXTON and HIGHTOWER, JJ.
HIGHTOWER, Judge.
Defendant, Charles Larry Vailes, was charged by bill of information with a violation of LSA-R.S. 14:95.1, possession of a firearm by a convicted felon. After trial by jury, he was found guilty as charged and sentenced to eight years at hard labor.
Defendant now appeals, reserving four assignments of error. For the reasons hereinafter expressed, we affirm.

FACTS
Three years before his present conviction, defendant pled guilty to possession of methamphetamines. At that time, the court sentenced him to three years at hard labor, suspended execution, and imposed three years of supervised probation with special conditions requiring him to refrain from owning or possessing firearms or other dangerous weapons, and to permit the probation officer to visit him at his home or elsewhere.
About mid-August 1988, a confidential informant and a narcotics officer reported that defendant was illegally using and selling drugs at his Bossier City home and also possibly possessing firearms. Prompted by that information, defendant's supervising probation officer, Joe Evans, together with four other probation officers, made an unannounced visit to that residence at approximately 9:00 a.m. on August 30, 1988.
Defendant answered the door and invited Evans and another officer into the house. After advising defendant of the information received, Evans indicated the officers planned to search the residence for any evidence of probation violation. A visual survey of the various rooms ensued, disclosing a shotgun and a box marked "explosives" in plain view in the master bedroom where defendant normally slept. On a table in a garage add-on, spare weapons parts, along with rifle and shotgun ammunition, were observed. Also, by merely pulling back the clothes hanging in a closet in defendant's room, a rifle was discovered.
The possession of firearms charge arose from the shotgun and rifle seized during the search.

ASSIGNMENT OF ERROR NO. 1
In the first assignment of error, defendant complains of the denial of his motion to suppress the weapons seized in his home. The warrantless, nonconsensual search, it is contended, served as a subterfuge for a criminal investigation proscribed by both LSA-Const. Art. 1, § 5 (1974) and the Fourth Amendment of the United States Constitution.
Probationers and parolees occupy essentially the same status. Both, it is well recognized, have a reduced expectation of privacy which allows reasonable warrantless searches of their person and residence by their probation or parole officer, even though less than probable cause may be shown. State v. Malone, 403 So.2d 1234 (La.1981); United States v. Scott, 678 F.2d 32 (5th Cir.1982); Latta v. Fitzharris, 521 F.2d 246 (9th Cir.1975), writ denied, 423 U.S. 897, 96 S.Ct. 200, 46 L.Ed.2d 130 (1975); State v. Carter, 485 So.2d 260 (La. App. 3rd Cir.1986); writ denied, 492 So.2d 1216 (La.1986), cert. denied, 479 U.S. 1087, 107 S.Ct. 1293, 94 L.Ed.2d 149 (1987). That reduced expectation of privacy evolves from a probationer's conviction and his agreement to allow a probation officer to investigate his activities in order to confirm *781 compliance with the provisions of his probation. Carter, supra. However, a probationer is not subject to the unrestrained power of the authorities. A search to which he is subjected may not serve as a subterfuge for a police investigation, Malone, supra. Instead, it is to be conducted when the officer believes such a search is necessary in the performance of his duties, and must be reasonable in light of the total atmosphere in which it takes place. In determining the reasonableness of a warrantless search, we must "consider (1) the scope of the particular intrusion, (2) the manner in which it was conducted, (3) the justification for initiating it, and (4) the place in which it was conducted." Malone, supra, at 1239.
Here, Officer Evans had received information that defendant was possibly selling drugs and keeping weapons in his home. His responsibilities, as a probation officer, demanded that he assure the probationer's compliance with the terms of probation. Society clearly has a need to insure such compliance, and in the case at hand that could best be accomplished by an unannounced inspection of defendant's home.
After receiving permission to enter the house, Officer Evans promptly advised defendant of the purpose of the visit. After moving all persons present into a front area, the officers then proceeded through various parts of the residence, attempting to quickly decide if in fact probation violations had occurred. During that procedure, the shotgun, weapons parts and "explosives" were all observed in plain view. Even when a probation violation had thus been determined, the officers nevertheless were justified in continuing and expanding the search to ascertain the full extent or degree of the violation. Moreover, looking into a closet and moving aside clothing to reveal a rifle stored there, constituted a reasonable exercise of the probation officer's authority.
Considering the events and circumstances resulting in the discovery of the weapons, we find no merit in defendant's contention that the trial court erred in failing to grant the motion to suppress.

ASSIGNMENT OF ERROR NO. 2
Defendant next asserts the trial court erred in allowing the state to introduce photographs depicting the firearms and box marked "explosives" as found in the residence. It is argued that the prosecutor's failure to mention their existence, in response to a discovery motion, caused the photos to be inadmissible.
LSA-C.Cr.P. Art. 718 allows a defendant to discover documents, photographs, and tangible objects the state intends to use as evidence at the trial. A party is under a continuing duty to disclose discoverable evidence, and if, prior to or during trial, he decides to use additional evidence which is subject to discovery, he is required to inform the opposing party and the court of its existence. LSA-C.Cr.P. Art. 729.3. State v. Ray, 423 So.2d 1116 (La.1982); State v. Downing, 451 So.2d 1221 (La.App. 2d Cir.1984); State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir. 1983), writ denied, 444 So.2d 1241 (La. 1984).
Before seeking to introduce the photographs in question, the state elicited extensive testimony describing the scenes represented. Finding that prior to trial the defense had been adequately apprised of the existence of the pictures, and that no prejudice would result from admitting the photos to visually aid the jury's appreciation of the location of the weapons and the box, defendant's objection was overruled.
Failure to comply with a discovery request may, among other sanctions, result in exclusion of the evidence at trial. LSA-C.Cr.P. Art. 729.5. In the present case defendant sought only exclusion as relief, and the trial court did not abuse its discretion granted under the article. See State v. Mayberry, 443 So.2d 785 (La.App. 3rd Cir.1983), writ denied, 446 So.2d 319 (La. 1984). Accordingly, this assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 3
This assignment contends the weapons parts and ammunition were improperly introduced *782 into evidence in that the bill of information failed to charge defendant with possessing these items.
According to the bill of information, defendant possessed "a firearm," namely a shotgun and a rifle. Neither "firearm" nor "weapon" is defined in LSA-R.S. 14:95.1. State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (La. 1987). Schmit v. Guidry, 204 So.2d 646 (La.App. 4th Cir.1967), held "firearm" to mean "something from which a shot is propelled." Quoting from Webster's New International Dictionary, Second Edition, Unabridged, page 2892, the court characterized a weapon as an instrument used to fight with, destroy or injure.
Ammunition is not a weapon, Schmit, supra, at 648, and the state presented no evidence that the firearm parts could be simply assembled into a weapon. Thus, as defendant asserts, he was not charged with possession of the weapons parts and ammunition. Instead, the state's articulated purpose for seeking introduction was to rebut defendant's assertion, the primary thrust of the defense, that he had no knowledge of the presence of the guns in his home.
All relevant evidence is generally admissible. LSA-C.E. Art. 402. Relevant evidence is that which tends to show any fact of consequence to the charge. LSA-C.E. Art. 401. There is no requirement that it "prove" a fact sought to be established; relevancy of evidence is determined by the purpose for which it is offered. See LSA-C.E. Art. 401. See also State v. Freeman, 447 So.2d 1145 (La.App. 3rd Cir.1984), writ denied, 449 So.2d 1356 (La.1984).
A trial judge is vested with wide discretion in determining relevancy of evidence; his ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. State v. Miles, 402 So.2d 644 (La.1981). Here, concluding the hardware and ammunition were relevant to establish knowledge and general intent, the court allowed introduction of the items. And, we find the trial judge's overruling of the admissibility objection to be a proper exercise of discretion.

ASSIGNMENT OF ERROR NO. 4
In his final assignment of error, defendant contends his sentence of eight years at hard labor constitutes excessive, cruel and unusual punishment. We disagree.
Cruel and unusual punishments are those that are barbarous, extraordinary, or grossly disproportionate to the offense. Incarceration itself is not, however, cruel and unusual punishment although imposed for an extended period of time. State v. Donahue, 408 So.2d 1262 (La.1982); State v. Dillard, 320 So.2d 116 (La.1975).
In reviewing an allegation of excessiveness of sentence, the appellate court utilizes a two-step process. First, the record must show application of the factors set forth in LSA-C.Cr.P. Art. 894.1. Defendant does not challenge the trial court's compliance with this article, and our review of the record discloses adequate consideration of the guidelines. Accordingly, the first step of the task is not an issue in this case.
Next in our analysis, we must determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or amounts to nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). It is well settled that the sentencing judge is given wide discretion in the imposition of a sentence within the statutory limits, and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Walker, 516 So.2d 1273 (La.App. 2d Cir.1987).
Defendant's initial brush with the law was in 1978 when he was charged with possession of a concealed weapon and criminal mischief. He pled guilty to the first charge and paid his fine; the second charge was dismissed. At the time of the present *783 sentencing, he was classified as a second felony offender. Simultaneously with the firearm offense, he was also arrested for possession of controlled dangerous substances with intent to distribute and possession of drug paraphernalia, all occurring during a period of probation for possession of methamphetamine. His only defense to the instant charge asserted that his wife had placed the guns in the house without his knowledge, and that they belonged to his minor son.
Determining that defendant did not respond affirmatively to probationary treatment at age 38, and that his character and attitude indicated he was likely to commit other crimes, the judge sentenced him to eight years at hard labor. LSA-R.S. 14:95.1 sets forth a sentencing range of not less than three years nor more than ten years imprisonment at hard labor without benefit of probation, parole or suspension of sentence, and a fine of not less than $1,000 nor more than $5,000. Considering defendant's prior record and his inability to comply with probationary requirements, the trial court did not abuse its sentencing discretion.
We further note that the sentence is illegally lenient in that the trial judge failed to specify, as commanded by LSA-R.S. 14:95.1, defendant's ineligibility for parole, probation or suspension of sentence, and also did not impose a mandatory fine. State v. Brooks, 496 So.2d 1208 (La.App. 5th Cir.1986); State v. Williams, 495 So.2d 314 (La.App. 4th Cir.1986). However, inasmuch as the prosecution has not complained, we may not correct the sentence. State v. Fraser, 484 So.2d 122 (La.1986).

CONCLUSION
For the reasons assigned, defendant's conviction and sentence are affirmed.
AFFIRMED.