*510 PAUL A. BONIN, Judge.
12Clarence Jason, the defendant in this case, was with his former wife Bridget Ruffin in her home when law enforcement officers arrived to execute a warrant for his arrest. The warrant was based on a parole violation. Once inside the home, one of the officers discovered marijuana, and Mr. Jason admitted the marijuana was his. He now appeals his conviction for possession with intent to distribute marijuana, a violation of La. R.S. 40:966 A(2). He argues that the entry and search were unlawful and that the seized evidence as well as his self-incriminating statement should have been suppressed by the trial court.
Because we find that the trial judge did not abuse her discretion in finding that Ms. Ruffin gave the officers her consent to enter her home, which consent was sufficient, and that the marijuana was observed in plain view during a search for Mr. Jason, we conclude that the trial judge was correct in not suppressing the evidence. Further, because the evidence was not obtained illegally, we find that the trial judge was correct in not suppressing Mr. Jason’s statement.
^Accordingly, after a full review of the record,[1] we affirm the conviction and sentence of Mr. Jason. Our reasons follow below.
I
Mr. Jason was on parole. A warrant for his arrest, which is not in the record, was issued for a parole violation. A cadre of U.S. marshals and Louisiana probation and parole agents as well as New Orleans police officers, acting as a multi-agency fugitive-warrants squad, arrived at Ms. Ruf-fin’s home to execute the warrant. The record is unclear whether this was also Mr. Jason’s home, but it is clear that Mr. Jason’s parole officer knew that Mr. Jason might be located at Ms. Ruffin’s home. At the time of the squad’s arrival, Mr. Jason and Ms. Ruffin were together in an upstairs bedroom.
In response to the officers banging on her door, Ms. Ruffin, the lessee of the home, opened the bedroom window and saw the uniformed officers. When she opened the door, she recognized one of the officers as Mr. Jason’s parole officer. The parole officer, without naming Mr. Jason, asked where he was. She told him that he was upstairs in the house. Although the officers did not show her either an arrest warrant or a search warrant, Ms. Ruffin stated that she was “being nice to come down, open my door to allow them in my house because I didn’t have nothing to hide.”
The officers entered and scattered throughout the house. One officer was looking for Mr. Jason in a laundry room downstairs when she saw the marijuana |4atop the hot water heater. As she entered the kitchen with the marijuana another officer brought Mr. Jason in handcuffs into the kitchen and seated him at the table. At the table, Mr. Jason admitted that the marijuana was his and denied that it was Ms. Ruffin’s. Ms. Ruffin also denied that the marijuana belonged to her.
Mr. Jason was charged with possession with intent to distribute marijuana. He moved to suppress the evidence and the statement. At the hearing, there was conflicting evidence regarding whether or not Mr. Jason lived in Ms. Ruffin’s home. Ms. Ruffin first stated that Mr. Jason was a resident of her home, but she later stated that she had, in the past, called Mr. Ja *511 son’s probation officer several times to inform him that Mr. Jason no longer lived at her address. After the hearing, the trial court denied the motion, finding that the arrest warrant on its own was sufficient to permit officers’ entry into the home because the officers were aware that Mr. Jason was known to live there in the past. The trial court also found that, although consent was not required, Ms. Ruffin did in fact consent to the police entry.
As a result of plea negotiations, Mr. Jason admitted his guilt and pleaded guilty as charged but reserved his rights under State v. Crosby, which allows an appellate court to review assignments of error specifically reserved at the time of a plea where the trial court accepts the plea so conditioned. Crosby, 338 So.2d 584, 588 (La.1976). In the instant case, the plea of guilty was conditioned on Mr. Jason’s right to seek review of the trial court’s denial of his Motion to Suppress Evidence and Statements.
|aAs part of the negotiation of the guilty plea, the trial judge sentenced Mr. Jason to fifteen years at hard labor, to be served concurrently with the sentence remaining on the conviction for which his parole was revoked that same day, and the prosecution agreed not to charge him as an habitual offender. See La. R.S. 15:529.1. Also, at the request of Mr. Jason, a prison paralegal, the trial judge ordered his immediate transfer from Orleans Parish Prison to a Department of Corrections (“DOC”) facility.
Mr. Jason’s appellate counsel argues on appeal that the search and the entry into the home were illegal. Mr. Jason supplemented the appeal pro se with the additional argument that his incriminating statement was illegally obtained as “the fruit of the poisonous tree.” We turn now to treat the argument that the entry and search violated Mr. Jason’s constitutional right against unreasonable searches and seizures.
II
In this Part, because the consent of the householder, Ms. Ruffin, is dispositive of the issue, we consider first the correctness of the trial judge’s ruling that Ms. Ruffin gave her consent to the search. Following that discussion, because there was considerable debate and argument in the trial court about the impact of Mr. Jason’s parole status on the lawfulness of the search, we briefly discuss why his status is not determinative in this matter.
A
The Fourth Amendment protects against unreasonable searches and seizures Rand requires that warrants issue only on probable cause:
The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
U.S. Const, amend. IV.
It is a basic tenet of Fourth Amendment law that warrantless searches and seizures are presumptively unreasonable. See Payton v. New York, 445 U.S. 573, 587, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). The United States Supreme Court employs the principle of reasonableness to every manner of warrantless search case. Reasonableness is “judged by balancing [a search’s] intrusion on the individual’s Fourth Amendment interests against its promotion of legitimate governmental interests.” Skinner v. Railway Labor Executives’ Ass’n, 489 U.S. 602, 619, 109 S.Ct. *512 1402, 103 L.Ed.2d 639 (1989) (citation omitted) (regarding the warrantless testing of bodily fluid); see Veronica School District 47J v. Acton, 515 U.S. 646, 652-53, 115 S.Ct. 2386, 132 L.Ed.2d 564 (1995) (regarding random drug screenings for public school athletes). To receive protection from the Fourth Amendment, the expectation of privacy at issue “must be one that society is prepared to recognize as legitimate.” New Jersey v. T.L.O., 469 U.S. 325, 338, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985) (internal quotations omitted) (regarding warrantless school searches).
Mr. Jason moved to suppress the evidence of the marijuana on the ground that the officers’ warrantless search of the home violated his Fourth Amendment right to be free of unreasonable searches and seizures. “[T]he state shall have the 17burden of proving the admissibility ... of any evidence seized without a warrant.” La.C.Cr.P. art. 703 D.
Consent to search is a well-recognized exception to the search warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Strange, 04-0273, p. 6 (La.5/14/04), 876 So.2d 39, 42. In order to rely upon the consent exception to the warrant requirement, the burden is on the prosecution to prove that consent was freely and voluntarily given. State v. Singleton, 01-1070, pp. 6-7 (La. App. 4 Cir. 9/25/02), 828 So.2d 1185, 1190. A determination of whether consent to a search was voluntarily given involves consideration of the “totality of the circumstances.” Schneckloth, supra, 412 U.S. at 227. A party’s voluntary consent to search is a question of fact to be determined by the trial court under the facts and circumstances of the particular case, and its determination is entitled to great weight on review. State v. Mayberry, 00-1037, p. 9 (La,App. 4 Cir. 5/9/01), 791 So.2d 725, 733.
We review a trial court’s ruling on a motion to suppress under the abuse of discretion standard. See State v. Wells, 08-2262, p. 2 (La.7/6/10), 45 So.3d 577, 580.
In the instant case, based on the testimony of Ms. Ruffin, who is the lessee of the property, it was reasonable for the trial court to conclude from the totality of the circumstances that she freely and voluntarily permitted the officers to enter her residence and search for the defendant. She told the officers she was coming downstairs, she told the officers the defendant was in the house, she opened the | Rdoor, and she indicated to the officers that they could “come and get him.” Moreover, with Ms. Ruffin’s permission, the officers spread throughout the home to find Mr. Jason, and one officer discovered marijuana in plain view on top of a water heater in the laundry room. It is well-settled that the “seizure of evidence in plain view involves no invasion of privacy and is presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity.” Payton, supra, 445 U.S. at 587, 100 S.Ct. 1371.
Based on this evidence and these circumstances, the trial court did not abuse its discretion in finding that Ms. Ruffin freely and voluntarily consented to the officers entering her home and searching for the defendant. Therefore, the entry into the home and the seizure of marijuana did not violate Mr. Jason’s Fourth Amendment protections.
B
The prosecution did not offer the arrest warrant or a copy of it into evidence during the hearing on the motion to suppress. One officer testified that he observed the warrant before the agents entered the residence. If the officers believed that Ms. Ruffin’s apartment was *513 Mr. Jason’s home, the arrest warrant for his parole violation would have been sufficient authorization for the officers to enter the residence and search for the defendant without a search warrant and without consent. See Payton, supra, 445 U.S. at 602, 100 S.Ct. 1371. As the United States Supreme Court stated in Payton:
If there is sufficient evidence of a citizen’s participation in a felony to persuade a judicial officer that his arrest is justified, it is constitutionally reasonable to require him to open his doors to the officers of the law. Thus, for Fourth Amendment purposes, an arrest warrant founded |flon probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within.
Payton, supra, 445 U.S. at 602-603, 100 S.Ct. 1371 (emphasis added).
On the other hand, the arrest warrant alone would not justify warrantless intrusion into Ms. Ruffin’s home to arrest Mr. Jason, as a search warrant is generally required to effect the arrest of a person inside the home of a third party. See Steagald v. U.S., 451 U.S. 204, 221, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981). It is not necessary to resolve that issue, however, because Ms. Ruffin’s consent vitiated the need for a search warrant. See Steagald, 451 U.S. at 216, 101 S.Ct. 1642 (“[W]ar-rantless searches of a home are impermissible absent consent or exigent circumstances ... ”) (emphasis added). The Third Circuit resolved a case similar to the matter before us in State v. Carter. In Carter, the court upheld a probation officer’s warrantless entry into his probationer’s trailer, noting that probationers and parolees have a lower expectations of privacy, but ultimately upholding the war-rantless entry because the defendant’s former wife, who had “common authority” over the home, consented to the officer’s entry. State v. Carter, 485 So.2d 260, 262 (La.App. 3d Cir.1986).
It is true, however, as the learned trial judge recognized in deciding the matter, that a parolee especially, see Samson v. California, 547 U.S. 843, 849, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006), or even a probationer, see U.S. v. Knights, 534 U.S. 112, 119-120, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001), has a reduced expectation of privacy under the Fourth Amendment and under La. Const, art. I, § 5. See State v. Malone, 403 So.2d 1234, 1240 (La.1981). A probationer or parolee’s reduced expectation of privacy is a result of his prior conviction and the circumstance of his agreement to allow continuing scrutiny of l10his activities while on parole or probation to assure that his conduct conforms to the conditions of his release.[2] Carter, supra, 485 So.2d at 262. In State v. Patrick, the Louisiana Supreme Court noted that a warrantless search of a parolee’s person and residence by a parole officer may be upheld as reasonable, although less than probable cause was shown. State v. Patrick, 381 So.2d 501, 503 (1980). Nevertheless, because our disposition of this matter does not depend upon Mr. Jason’s status as a parolee, beyond the fact that he was the subject of an arrest warrant for a violation of the conditions of his parole, we need not further address or analyze the extended search of Ms. Ruffin’s home under Bell v. Wolfish, 441 U.S. 520, 559, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979),[3] State v. *514 Malone, supra, 403 So.2d at 1239, or State v. Vailes, 564 So.2d 778, 780 (La.App. 2nd Cir.1990) (regarding a parole search serving as “a subterfuge for a police investigation”).
Ill
Having found that the search and seizure did not violate Mr. Jason’s constitutional right to be free of unreasonable searches and seizures, we must also conclude that the incriminating statement given by him to the arresting officers cannot be suppressed as “fruit of the poisonous tree.” See Wong Sun v. U.S., 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); see also State v. St. Hill, 433 So.2d 395, 398 (La.App. 4th Cir.1983) (“When there is no primary illegality, the ‘fruit of the poisonous tree’ theory |1Tdoes not apply.”). Consequently, the trial judge was legally correct in not suppressing Mr. Jason’s self-incriminating statement that the marijuana belonged to him.
DECREE
Accordingly, because we find no error in the trial court’s pretrial rulings on the defendant’s motions to suppress the evidence and statement which would require relief from the defendant’s guilty plea, we affirm the conviction and sentence of Clarence Jason.
AFFIRMED.
LOMBARD, J., concurs in result.

. We have, as we always do, conducted an independent review of the record for any errors patent and have found none. See La. C.Cr. P. art. 920.

. See La. R.S. 15:574.4 et seq. relative to conditions for release on parole and La. R.S. 15:571.13 and La.C.Cr.P. art. 895 relative to conditions for release on probation.

. In which the Court stated:
The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each *514 case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it and the place in which it is conducted.