**STATE OF LOUISIANA**     \*     **NO. 2020-K-0482**

**VERSUS**     \*

    **COURT OF APPEAL**

**LOUIS POLKEY**     \*

    **FOURTH CIRCUIT**

    \*

    **STATE OF LOUISIANA**

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 548-236, SECTION "SECTION K"
Honorable Hunter P. Harris, Judge, Pro Tempore
\* \* \* \* \* \*
**Judge Regina Bartholomew-Woods**
\* \* \* \* \* \*
(Court composed of Judge Terri F. Love, Judge Joy Cossich Lobrano,
Judge Regina Bartholomew-Woods)

Francesca Buzzi
2601 Tulane Avenue, Suite 700
New Orleans, LA 70119

    COUNSEL FOR DEFENDANT/RELATOR

Leon Cannizzaro
Orleans Parish District Attorney
Donna Andrieu
Chief of Appeals
Irena Zajickova
Assistant District Attorney
Parish of Orleans
619 S. White Street
New Orleans, LA 70119

    COUNSEL FOR THE STATE OF LOUISIANA/RESPONDENT

        **WRIT GRANTED; RELIEF DENIED**
        **NOVEMBER 25, 2020**

*RBW*

*TFL*

*JCL*

Defendant-Relator, Louis Polkey ("Defendant"), seeks supervisory review of the district court's July 16, 2020 ruling that denied his motion to suppress the evidence. For the reasons that follow, we grant Defendant's writ, but deny relief.

**STATEMNT OF THE CASE**

On December 6, 2019, Defendant was arrested by his parole officer, Agent Brandon Breaux, and later charged with possession of heroin. Subsequently, Defendant filed a motion to suppress the evidence. On March 10, 2020, the district court held a hearing on the motion and Agent Breaux testified. Rather than rule on the motion at that time, the district court recessed to allow Defendant time to file a supplemental brief on the motion to suppress. On July 16, 2020, the district court denied Defendant's motion to suppress the evidence. Defendant timely noticed his intent to seek supervisory review and timely filed the instant writ application.

## STATEMENT OF THE FACTS

At the hearing on the motion to suppress evidence, Agent Breaux testified that he began supervising Defendant in October 2018, and that he met with Defendant every three (3) months. Agent Breaux stated that Defendant was employed, had performed well on probation, and was set to have his parole terminated early in March 2020. At the November 2019 visit, Defendant admitted to Agent Breaux that he been abusing pain pills, marijuana, and methadone, a level one or first time violation that can be addressed with a verbal reprimand.[1] Agent Breaux testified that he referred Defendant to Jefferson Parish Human Services Authority, which provides substance abuse and mental health treatment programs.

In addition to Defendant's admission of drug use, Defendant's family contacted Agent Breaux regarding their suspicion of Defendant's drug use in the wake of his pregnant fiancée's death. Defendant's family requested that Agent Breaux intervene and secure placement for Defendant in a drug rehabilitation program. On December 6, 2019, Defendant's brother-in-law contacted Agent Breaux and reported that while he was driving Defendant to Salvation Army Defendant fled from his vehicle and he suspected that Defendant went into the surrounding neighborhood to purchase drugs. Defendant's brother-in-law requested that Agent Breaux retrieve Defendant and bring him to a rehabilitation facility.

---

[1] Agent Breaux testified that during his August 2019 visit with Defendant, he noticed that Defendant had lost weight, which suggested drug use. At that time, Agent Breaux took no further action.

When Agent Breaux arrived at the Salvation Army, he located Defendant who was already there, handcuffed, and searched him. During the search Agent Breaux discovered a spoon and an empty, unused syringe, but no drugs. Agent Breaux testified that Defendant neither exhibited physical signs of drug use or overdose, nor posed a danger to any person. Agent Breaux testified that because he was concerned about Defendant's drug use, he arrested him and transported him to the Orleans Parish Prison. Upon Defendant's arrival at the prison, he was again searched and at this time a small bag of heroin was discovered in Defendant's coat pocket. Defendant was booked and charged with one count of simple possession and remained incarcerated for fifty-three (53) days.

## DISCUSSION

In his writ application, Defendant argues that Agent Breaux lacked reasonable suspicion to arrest him. Further, Defendant argues that evidence was obtained as a result of an unconstitutional arrest and search and thus, should be suppressed.

### *Standard of Review*

This Court, in *State v. Jones*, explained the standard of review applicable to motions to suppress as follows:

> The trial court is vested with great discretion when ruling on a motion to suppress and, consequently, the ruling of a trial judge on such a motion will not be disturbed absent an abuse of that discretion. *State v. Oliver,* [19]991585, p. 4 (La. App. 4 Cir. 9/22/99), 752 So.2d 911, 914. The district court's findings of fact on a motion to suppress are reviewed under a clearly erroneous standard, and its ultimate determination of Fourth Amendment reasonableness is reviewed *de*

3

*novo. State v. Pham,* [20]01-2199, p. 4 (La. App. 4 Cir. 1/22/03), 839 So.2d 214, 218; *U.S. v. Seals,* 987 F.2d 1102 (5 Cir.1993). Accordingly, "on mixed questions of law and fact, the appellate court reviews the underlying facts on an abuse of discretion standard, but reviews conclusions to be drawn from those facts *de novo." Pham,* [20]01-2199, p. 4, 839 So.2d at 218. Where the facts are not in dispute, the reviewing court must consider whether the trial court came to the proper legal determination under the undisputed facts. *Id.*

2012-0438, pp. 6-7 (La. App. 4 Cir. 3/13/13), 119 So.3d 9.

*Analysis*

Pursuant to Article 1, Section 5 of the Louisiana Constitution and the Fourth Amendment to the United States Constitution, individuals are protected from unreasonable searches and seizures. "A search conducted without a warrant is *per se* unreasonable under the Fourth Amendment to the United States Constitution, subject only to a 'few specifically established and well-delineated exceptions.'" *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514 (1967); *State v. Ellis*, 2020-0174, p. 4 (La. App. 4 Cir. 4/22/20), *writ denied, stay denied,* 2020-00589 (La. 6/22/20); 297 So.3d 727. "[W]hen evidence is seized without a warrant, the burden is on the state to demonstrate that a search is justified by some exception to the warrant requirement." *State v. Dimes*, 2016-0129, pp. 6-7 (La. App. 4 Cir. 6/22/16), 195 So.3d 1263, 1267; La. C.Cr.P. art. 703 D. Consequently, "[t]he remedy for a Fourth Amendment violation is generally the exclusion of the unlawfully obtained evidence." *State v. Rousset*, 2020-0202, p. 11 (La. App. 4 Cir. 6/3/20), 302 So.3d 55, 63-64, *writ not considered*, 2020-00859 (La. 10/14/20). Further, the exclusionary rule "'bars physical and verbal evidence obtained either during or as a direct result of an unlawful search or seizure.'" *Id*.

4

With regard to the expectation of privacy for parolees, this Court, in *State v. Jason*, explained that

> … a parolee especially, *see Samson v. California,* 547 U.S. 843, 849, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006), or even a probationer, *see U.S. v. Knights,* 534 U.S. 112, 119–120, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001), has a reduced expectation of privacy under the Fourth Amendment and under La. Const. art. I, § 5. *See State v. Malone,* 403 So.2d 1234, 1240 (La.1981). A probationer or parolee's reduced expectation of privacy is a result of his prior conviction and the circumstance of his agreement to allow continuing scrutiny of his activities while on parole or probation to assure that his conduct conforms to the conditions of his release.

2010-0658, pp. 9-10 (La. App. 4 Cir. 12/1/10), 53 So.3d 508, 513. However, "[t]his [C]ourt has recognized that a probationer is not subject to the unrestrained power of the authorities, and 'a search of the probationer may not be a subterfuge for a police investigation.'" *State v. Dimes*, 2016-0129, p. 8 (La. App. 4 Cir. 6/22/16), 195 So.3d 1263, 1268 (internal citations omitted).

Here, Defendant concedes that although Agent Breaux's initial search was permitted pursuant to La. C.Cr.P. art. 895(A)(13)(a), the search conducted at the jail was unlawful because his arrest was unlawful. Further, although a warrantless search may be justified if incident to lawful arrest, Defendant argues that his arrest was not lawful and ultimately that he was arrested without warrant, probable cause, or reasonable suspicion. We disagree.

Probation and parole agents may arrest supervisees without a warrant, but only under the limited circumstances as provided by La. R.S. 15:574.7(B):

> If a parole officer has reasonable cause to believe that a parolee has violated or is attempting to violate a

condition of his parole and that an emergency exists, so that awaiting action by the committee under R.S. 15:574.7 would create an undue risk to the public or to the parolee, such parole officer may arrest the parolee without a warrant or may authorize any peace officer to do so. The authorization may be in writing or oral, but if not written, shall be subsequently confirmed by a written statement. The written authorization or subsequent confirmation shall set forth that, in the judgment of the parole officer, the person to be arrested has violated or was attempting to violate a condition of his parole. The parolee arrested hereunder, if detained, shall be held in a local jail, state prison, or other detention facility, pending action by the committee. Immediately after such arrest and detention, the parole officer concerned shall notify the chief probation and parole officer and submit a written report of the reason for the arrest. After consideration of the written report, the chief probation and parole officer shall, with all practicable speed, make a preliminary determination, and shall either order the parolee's release from detention or proceed promptly in accordance with R.S. 15:574.7.

La. R.S. 15:561.5(5), provides, in pertinent part, "A person placed on supervised release shall comply with the following conditions: refrain from using or possessing any controlled dangerous substance…".

In accordance with the aforementioned, we find that in August 2019, when Agent Breaux suspected that Defendant may have been abusing drugs, he took no steps to revoke Defendant's parole [2] nor obtain a warrant for his arrest.[3] Instead, Agent Breaux testified that he referred Defendant to Jefferson Parish Human Services Authority for substance abuse treatment. When asked about Defendant's

---

[2] "Furthermore, in Louisiana, a probation revocation proceeding begins with either the issuance of a warrant for the defendant's arrest or a summons for his appearance to answer the charge. [La. C. Cr. P.] art. 899. To be valid, the warrant or summons must be accompanied by a sworn affidavit from a complainant. [La. C. Cr. P.] arts. 202 & 209; *State v. Krummel,* 593 So.2d 1368 (La.App. 5th Cir.1992), *writ denied,* 597 So.2d 1028 (La.1992); *State v. Forest,* 571 So.2d 893 (La.App. 5th Cir.1990), *writ denied,* 577 So.2d 13 (La.1991); see also *State v. Duhon,* 674 So.2d 944 (La.1996)." *Lucas v. Par. of Jefferson*, 999 F.Supp. 839, 847 (E.D. La.1998).

[3] Defendant had performed well on his parole and was approximately three (3) months away from an early release.

6

December 6, 2019 arrest, Agent Breaux testified that Defendant's brother-in-law conveyed that he feared Defendant was abusing drugs and had left his vehicle to obtain drugs from the neighborhood surrounding the Salvation Army facility that Defendant was being transported to. Once Agent Breaux arrived at the Salvation Army facility, Defendant was there and based upon the information he had previously received from Defendant's brother-in-law, he had probable cause to search Defendant. Upon conducting a search of Defendant's person, Agent Breaux retrieved drug paraphernalia. This gave Agent Breaux a reasonable belief that Defendant was abusing drugs, in violation of La. R.S. 15:561.5(5). Based on Agent Breaux's interaction with Defendant in November when Defendant admitted to drug abuse, as well as information received from Defendant's family members who contacted Agent Breaux to advise that Defendant was abusing drugs, Agent Breaux had probable cause to search Defendant's person. Moreover, based on the drug paraphernalia found on Defendant's person, emergency/exigent circumstances existed for Agent Breaux to arrest Defendant without the necessity of obtaining a warrant first, i.e., Defendant's drug abuse could result in harm to Defendant. Thus, based on the aforementioned jurisprudence and factual circumstances, we find that the district court correctly denied Defendant's motion to suppress evidence.

Accordingly, we grant Defendant's writ, but deny relief.

**WRIT GRANTED; RELIEF DENIED**